# Rampey *v.* The State.

| 83 | 31 |
| 144 | 26 |

*Indictment for Murder.*

1. *Misnomer of grand juror, in insertion of wrong middle name or
initial, as ground of objection to indictment.*—As the law recognizes but
one christian name, the omission of a middle name, or the insertion of
a wrong initial, in the *venire* of grand jurors, is immaterial, in the ab-
sence of evidence showing that there is another person in the county
bearing the name; as to which the *onus* is on the defendant.

2. *Amendment of sheriff's return on venire of grand jurors.*—The court
has undoubted power to permit the sheriff to amend his return on the
*venire* of grand jurors.

FROM the Circuit Court of Chambers.
Tried before the Hon. JOHN MOORE.
The defendant in this case, Hal Rampey, was indicted for
the murder of Allen Harris, by shooting him with a pistol;
was convicted of murder in the second degree, and sentenced
to the penitentiary for the term of forty years. The indict-
ment was signed by *G. N. Croft* as foreman, and the min-
ute-entry recited that *G. N. Croft* was appointed as fore-
man; but, in the *venire* of persons drawn as grand jurors,
the name appeared as *G. H. Croft.* The defendant moved
to quash the indictment, and to strike it from the files, and
also pleaded in abatement, on the ground that said
G. N. Croft, the foreman, was not selected and drawn as a
grand juror by the officers designated by law, nor did
his name appear on the *venire* of grand jurors, nor was he
selected to supply a deficiency in the original *venire.* On
the trial of the issue formed on the plea in abatement, sev-
eral witnesses for the State testified, that they had long
known George N. Croft, but knew no other person in the
county by the name of Croft, except his brother, Lee L.
Croft, and his son, Robert Croft. The sheriff of the county
testified, as a witness for the State, "that he never had any
summons for G. N. Croft as a grand juror at said term of
the court; that G. N. Croft was not summoned as a grand
juror for said term, and was not drawn as a grand juror, so

far as the *venire* showed; that one G. *H.* Croft was drawn as
a grand juror for said term, but he returned the *venire* not
found as to him, having looked for him, and being unable
to find any person by that name. S. H. Tiller, the deputy-
sheriff, testified on the part of the State, "that he amended
the return on the *venire* of grand jurors, so as to show that
G. *H.* Croft was summoned as a grand juror, but that he had
never served him with a summons, and did not know of any
one else serving such a man with a summons to serve as a
grand juror." On the evidence adduced, to which several
exceptions were reserved by the defendant, the court over-
ruled the motion to quash, and to strike the indictment from
the file, and instructed the jury, if they believed the evi-
dence, to find against the defendant on the issue joined on
the plea in abatement; to which charge the defendant duly
excepted.

N. D. DENSON, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The plea in abatement sets up the
alleged fact, that G *N.* Croft, who acted as foreman of the
grand jury, was never drawn or selected to serve as a grand
juror, in the presence of the officers designated by law.
*Nixon v. State,* 68 Ala. 535. The *venire* contains the name
of one G. *H.* Croft. As the law recognizes but one chris-
tian name, the insertion or omission of a middle name or
initial is entirely immaterial, and may be disregarded. It
has been often held that, if the middle name of a person in-
dicted is averred, it need not be proved.—*Pace v. State,*
69 Ala. 231. No more is required to be in the list of jurors
placed on a *venire.* Presumptively, therefore, the names
G. *N.* Croft and G. *H.* Croft were the same, in the absence
of some evidence that there was another person whose name
was G. *H.* Croft.

The issue of identity being submitted to the jury, and
being found in favor of the State, this finding is conclusive
on us that the Croft, whose name appeared on the *venire,*
was the same who appeared and served. In the evidence
offered on this issue the *onus* was on the defendant to over-
come the *prima facie* fact of identity. There was no evi-
dence offered tending to prove this, and the general charge
to find for the State, if the evidence was believed, was free

from error.  If any error was committed by the court in the admission of irrelevant evidence in trying this issue, it was error without injury.

The court had the undoubted power to authorize the sheriff to amend his return made in executing the *venire.*

There is no reversible error in the record, and the judgment must be affirmed.