[*Ex parte* State of Alabama *in re* Stephenson.]

# *Ex parte* State of Alabama *in re* Stephenson.

## *Application for Mandamus.*

1. *Application for mandamus in behalf of the State; must be made by and through the Attorney-General.*—Applications made on behalf of the State to the Supreme Court for remedial writs, to correct errors intervening, or supposed to have intervened, in the course of the proceedings of inferior courts in the exercise of criminal jurisdiction, must be made in the name of the State, by and through the Attorney-General; and an application by the State for a *mandamus* to a trial court, in the body of which the State is not named as a party, and which is signed by the solicitor for the county in which the cause is tried, is not properly made, and will be dismissed.

This was a petition addressed to the Judges of the Supreme Court of Alabama asking for the alternative writ of *mandamus*, to the judge of the city court of Montgomery, commanding him to show cause why the order made by him, striking from the trial docket of his said court the case of the State of Alabama against Noah Stephenson should not be vacated and annulled, and said cause re-entered on said trial docket.

The facts of the case are sufficiently stated in the opinion.

WILLIAM C. FITTS, Attorney-General, and TENNENT LOMAX, for the petitioner.

GUNTER & GUNTER, *contra*.

BRICKELL, C. J.—There have been but few applications made on behalf of the State, for remedial writs to correct errors intervening, or supposed to have intervened, in the course of the proceedings of inferior courts in the exercise of criminal jurisdiction. Such application must be made in the name of the State, and must be made by and through the Attorney-General; there is no other officer entitled to use the name and authority of the State. In the two cases, *Ex parte State of Alabama,*

71 Ala. 363; *Ex parte State of Alabama, In re Henry Merlet, Ib*. 371, the application was made in the name of "The State of Alabama, by its Attorney-General," and bore the signature and official designation of the Attorney-General. The petition addressed to the court in this case, has a caption preceding the address: "Ex parte The State of Alabama, in re Noah Stephenson." In the body of the petition, the State is not nominated as a party, and it is signed by the solicitor for the county of Montgomery. The motion entered on the docket, reads: "Comes Tennent Lomax, Solicitor &c., who prosecutes for the State of Alabama," and is signed by the solicitor. A statutory duty of the Attorney-General is to "attend, on the part of the State, to all criminal cases pending in the Supreme Court, and to all civil cases in which the State is a party in the same court."—Code of 1886, § 127. It is manifest that this tribunal can recognize no other representative of the State than the Attorney-General. Whether the State has an interest in the vacation of the order made in a criminal case, by a court of competent jurisdiction, or whether there shall be a prohibition of the exercise of jurisdiction, or any other remedial writ prosecuted by the State, at all times a matter of more or less gravity, the law commits to the judgment and discretion of the Attorney-General, and when he proceeds, he must proceed in the name of the State.

Whether there be any merit in the present application, is not a question for consideration. It will be time enough to consider and decide it, when presented properly, by proper authority. The petition and motion are overruled.

*Mandamus* denied.