# Bones v. State.

## *Indictment for an Assault with a Weapon.*

1. *Charge to the jury; sufficiency of evidence; reasonable doubt.*—The probability of the defendant's innocence is the equivalent of a reasonable doubt of guilt, which requires his acquittal; and a charge which instructs the jury that "If there is a probability of the defendant's innocence the jury must acquit," asserts a correct proposition and should be given.

2. *Same; same; same.*—To authorize a conviction in a criminal case, the law requires that the jury shall be satisfied of the defendant's guilt beyond a reasonable doubt; and a charge which instructs the jury that "the guilt of the accused must be fully proven" is properly refused.

3. *Same; same; same.*—A charge which instructs the jury that they must acquit "Unless the evidence excludes every reasonable supposition but that of the defendant's guilt," asserts a correct legal proposition and should be given.

4. *Same; same; same.*—A charge which instructs the jury that they must find the defendant not guilty unless the evidence against him "should be such as to exclude to a moral certainty every hypothesis but that of the guilt of the offense imputed to him," is erroneous and properly refused, in that it omits the word *reasonable* as qualifying "hypothesis."

APPEAL from the County Court of Bibb.

Tried before the Hon. N. H. THOMPSON.

The appellant was tried and convicted for an assault with a weapon. The evidence for the State tended to show that the defendant assaulted one West Morris with a knife. The evidence for the defendant tended to show that it was some other person than the defendant who had the knife, and that the defendant did not strike at West Morris with a knife, or otherwise.

Upon the introduction of all the evidence the defendant requested the court, among other charges, to give the following written charges, and separately excepted to the court's refusal to give each of them as asked : (6.) "If there is a probability of the defendant's innocence, the jury must acquit." (9.) "In civil cases, if there be conflicting evidence, the duty of the jury is to weigh it, and render a verdict according to its preponderance ;

[Bones v. The State.]

but in criminal cases, the guilt of the accused must be fully proven, and it is not sufficient that the weight of the evidence points to his guilt." (10.) "I charge you, to acquit unless the evidence excludes every reasonable supposition but that of defendant's guilt." (11.) "If the evidence in the case convinces the jury that there is a probability of the innocence of the defendant, then your verdict should be not guilty." (13.) "Unless the evidence against the prisoner should be such as to exclude to a moral certainty every hypothesis but that of the guilt of the offense imputed to him, they must find the defendant not guilty."

W. S. CARY, for appellants, cited *Whitaker v. State*, 106 Ala. 30; *Horn v. State*, 102 Ala. 144.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Whitaker v. State*, 106 Ala. 30; *Baldwin v. State*, 111 Ala. 11; *Howard v. State*, 108 Ala. 571; *Thomas v. State*, 106 Ala. 22.

HARALSON, J.—1. Charges 6 and 11, which were refused, each assert the same correct principle, that if there was a probability of defendant's innocence, the defendant should be found not guilty. A probability of defendant's innocence is the equivalent of a reasonable doubt of guilt, which requires his acquittal.—*Bain v. The State*, 74 Ala. 38; *Croft v. The State*, 95 Ala. 3; *Whitaker v. The State*, 106 Ala. 30.

2. The 9th charge was properly refused. The law does not require *full* proof of guilt—another expression for clear or positive proof, beyond any doubt—but only such proof as produces satisfaction beyond reasonable doubt.—*Griffith v. The State*, 90 Ala. 583; *Lowe v. The State*, 88 Ala. 8.

3. Charge 10 should have been given. It postulates the acquittal of the defendant upon the exclusion of every reasonable supposition but that of his guilt; and for the reason, that charge 13 predicates an acquittal merely upon the exclusion of "*every hypothesis*" of guilt, whether reasonable or not, it was properly refused. *Horn v. The State*, 102 Ala. 145; *Baldwin v. The State*, 111 Ala. 12.

The vices of the other refused charges are patent.

Reversed and remanded.