# Bowen *v.* The State.

*Indictment for Murder.*

1. *Homicide; circumstantial evidence; admissibility of evidence.* Where, on a trial under an indictment for murder, the evidence tending to prove that the defendant fired the fatal shot, is circumstantial and tends to show that on the morning of the killing the defendant made inquiries for the deceased's whereabouts, that he was seen near the place of the homicide just before it occurred, that on the day before the homicide, the deceased, after winning money at dice from the defendant, had swapped watches with him, paying the difference in money, and then won back the money, it is competent for the State to prove, as tending to show a motive for the killing, that on the afternoon before it occurred the deceased wore a cord with the defendant's watch attached thereto, and that when the body was found, the cord was on it, but the watch was gone.

2. *Homicide; circumstantial evidence; proof of motive as to third person inadmissible.*—On a trial under an indictment for mur-

[Bowen v. The State.]

der, where the evidence tending to connect the defendant with the homicide is circumstantial, and in the absence of any testimony tending to connect a third person with the crime, proof of motive on the part of such third person to kill the deceased, is inadmissible and incompetent.

3. *Homicide; circumstantial evidence; charge of court to jury.* On a trial under an indictment for murder, where the evidence tending to connect the defendant with the homicide is circumstantial, charges requested by the defendant which instruct the jury that "No matter how strong may be the circumstances, if they can be reconciled with the theory that some other person than the defendant may have committed the crime, the defendant should be acquitted," is erroneous and properly refused.

4. *Same; same; same.*—In such a case, a charge which instructs the jury that if they "are in doubt from the evidence as to whether or not the defendant was near enough" to the deceased at the time the wounds from which the deceased died were inflicted to have inflicted said wound, then the jury must acquit the defendant, is erroneous in that it takes from the consideration of the jury that the doubt which would authorize an acquittal is a reasonable doubt.

5. *Same; same; same.*—In such a case, a charge is erroneous and properly refused, which instructs the jury that "To convict in a criminal case on circumstantial evidence, the jury should be so convinced that they would be willing to act upon it in matters of highest concern to their own interests."

6. *Same; same; same.*—In such a case, a charge is erroneous and properly refused which instructs the jury that "If the conviction depends on circumstantial evidence, it should be complete and exclude to a moral certainty every hypothesis except that of the guilt of the defendant.

7. *Same; same; same.*—In such a case, a charge is properly refused as being calculated to confuse the jury, which instructs them that "To justify a conviction on circumstantial evidence, the circumstantial evidence must exclude all rational probability of defendant's innocence."

8. *Same; same; same.*—In such a case, a charge asserts a correct proposition and should be given at the request of the defendant which instructs the jury that "The test of the sufficiency of circumstantial evidence in a criminal case is, whether the circumstances, as proven, are capable of explanation upon any reasonable hypothesis consistent with the defendant's innocence, and if they are capable of such explanation, then the defendant should be acquitted."

APPEAL from the Circuit Court of Macon.

Tried before the Hon. N. D. DENSON.

The appellant in this case, Will Bowen, was indicted and tried for the murder of Henry Cowan, by shooting him with a gun, was convicted of murder in the second degree and sentenced to the penitentiary for twenty years.

The evidence tending to show the guilt of the defendant was circumstantial. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "It is the humane provision of the law that upon circumstantial evidence there should not be a conviction, unless to a moral certainty it excludes every other reasonable hypothesis but that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by the full measure of proof the law requires." (2.) "If the jury are in doubt from the evidence as to whether or not the defendant was near enough to Henry Cowan, at the time the wound from which Henry died was inflicted, to have inflicted said wound, then the jury must acquit the defendant." (3.) "To convict in a criminal case on circumstantial evidence, the jury should be so convinced that they would be willing to act upon it in matters of highest concern to their own interests." (4.) "If the conviction depends upon circumstantial evidence, it should be complete and exclude to a moral certainty every hypothesis except that of the guilt of the defendant." (5.) "The test of the sufficiency of circumstantial evidence, in a criminal case, is whether the circumstances, as proven, are capable of explanation upon any reasonable hypothesis consistent with the defendant's innocence, and if they are capable of such explanation, then the defendant should be acquitted." (6.)

[Bowen v. The State.]

"No matter how strong the circumstances, if they can be reconciled with the theory that somebody other than the defendant committed the crime, the defendant should be acquitted." (7.) "To justify a conviction on circumstantial evidence the circumstantial evidence must exclude all rational probability of defendant's innocence."

WOOD & MARTIN, for appellant.

MASSEY WILSON, Attorney-General, for the State. The court did not err upon its rulings upon the evidence. *McCormack v. State,* 102 Ala. 156; *Hudson v. State,* 61 Ala. 333; *Banks v. State,* 72 Ala. 522; *Levison v. State,* 54 Ala. 520; *Alston v. State,* 63 Ala. 180; *Prince v. State,* 100 Ala. 144; *Brown v. State,* 120 Ala. 342.

The charges requested by the defendant asserted incorrect propositions of law and were properly refused. *Turner v. State,* 124 Ala. 59; *Simmons v. State,* 129 Ala. 41; *Hussey v. State,* 86 Ala. 34; *Gilmore v. State,* 126 Ala. 20; *Webb v. State,* 106 Ala. 52; *Thornton v. State,* 113 Ala. 43; *Mitchell v. State,* 114 Ala. 1; *Gilmore v. State,* 99 Ala. 154; *Taylor v. State,* 112 Ala. 69; *Burrage v. State,* 113 Ala. 108.

SHARPE, J.—Defendant was convicted of murder in the second degree upon an indictment charging him with the murder of Cowan. It was proved that shortly after pistol shots were heard the dead body of Cowan was found in a field about where the firing was done, and that a shot wound caused the death. The evidence adduced to prove the defendant fired the fatal shot was circumstantial, and consisted in part of testimony tending to show that on the morning of the killing, defendant made inquiries of Cowan's whereabouts; was seen near the place of the killing just before it occurred; that on the day next before that occurrence, Cowan had, after winning money at dice from defendant, swapped watches with him, paying a difference in money, and then won back the money so paid. In connection with such evidence the State was entitled to prove as tending to show a motive for the killing that on the evening before it oc-

curred Cowan wore a cord with defendant's watch attached thereto, and that when the body was found the cord was on it and the watch was gone.

The court properly sustained an objection to a question asked by defendant's counsel of a witness as to whether persons other than defendant had gambled with Cowan, and it likewise properly sustained objections to questions addressed to a female witness as to where her husband was living, and whether he had not on one occasion shot at Cowan, and whether she and her husband were living apart from each other on account of her relations with Cowan. There was no evidence to connect with the crime, either the husband mentioned or any one except defendant who had gambled with Cowan, and proof that other persons had motives to harm him would not have so connected them, and would not have been in any way inconsistent with similar motives on defendant's part, or with his guilt.—*Tatum v. State,* 131. Ala. 32; *Baker v. State,* 122 Ala. 1; *Banks v. State,* 72 Ala. 522.

The first and sixth of the refused charges were misleading in that they negative the sufficiency of the evidence to convict if only it could be reconciled with the theory that some person other than the defendant may have done the killing, without regard to whether such theory was based on evidence, or was speculative merely. *Turner v. State,* 124 Ala. 59; *Bones v. State,* 117 Ala. 138.

The second charge leaves out of consideration that the doubt which authorizes an acquittal is a reasonable doubt.

The test of the sufficiency of evidence proposed in charge 3 is not one recognized by law and was not practicable on application. See *Amos v. State,* 123 Ala. 50. The fourth charge was bad in using the word "hypothesis" without qualifying it with the word "reasonable" or its equivalent.—*Webb v. State,* 106 Ala. 52; *Bones v. State,* 117 Ala. 138.

In implying that a verdict should be formed by a process of excluding probabilities of innocence, the seventh charge was calculated to confuse the jury.—*Glenmore v. State,* 99 Ala. 154.

[Pitts v. The State.]

The test of the sufficiency of circumstantial evidence for conviction as laid down in the 5th charge is in substance the same as that which in *Pickett v. State*, 115 Ala. 42, 50, was affirmed to be correct. In the refusal of this charge there was error for which the judgment must be reversed.

Reversed and remanded.