# Harrison *v.* State.

## *Murder.*

[DECIDED APRIL 5, 1906, 40 So. REP. 568.]

1. *Indictment; Variance between Counts.*—The fact that a letter in a name resembling an "I" was dotted in one count, and not dotted in the other count, creates no variance in the counts as to the name of the person alleged to have been killed.

2. Same; Repugnancy of Counts.—The fact that one count sets out the given name of the person alleged to have been killed, and the other count gives the initials only, coupled with an allegation that the christian name was otherwise unknown to the grand jury, does not render the indictment demurrable on account of inconsistency or repugnance.

3 *Same; Conclusion.*—It is not necessary to the validity of an indictment that each count shall conclude "against the place and dignity of the State of Alabama;" it is sufficient if the indictment so concludes.

4 *Same; Quashing; Grand Jury; Mistake in Initial; Evidence.*—A mistake in the middle initial of one of the grand Jurors who returned the indictment is not grounds for quashing the indictment; and evidence is properly admitted, on motion to quash, that the grand juror in whose name the mistake occurred, was the only person of that name residing in that precinct. And the same doctrine applies to petit jurors.

5. *Jury; Disqualification; Capital Case.*—Under § 4988, persons specially summoned as jurors in capital cases, are not disqualified by reason of having rendered jury service within twelve months.

6. *Homicide; Manslaughter; Passion.*—A charge that instructs the jury that to reduce a killing from murder to manslaughter, where the passions have been suddenly aroused on sufficient provocation, the killing must have been done under influences of such passion promptly acted on; and if the passion had subsided and did not have sway, and vengeance and malice were

[Harrison v. State.]

allowed to take the place of passion, when the act was done which resulted in the killing, and the killing was done from motives of malice or vengeance, such killing would be murder, is a correct statement of the law.

7. *Same; Self-defense; Character of Deceased.*—The fact that deceased was a violent or dangerous man did not authorize defendant to kill him, and if at the time when the fatal shot was fired the deceased was going away from and making no demonstration to injure defendant, and defendant had no reasonable grounds to believe deceased was about to kill or injure him, the violent character of deceased offered defendant no excuse for killing him, and a charge asserting such a proposition was correct.

8. *Same; Self Defense; Provoking Difficulty.*—A charge upon self defense which fails to hypothesize defendant's freedom from fault in provoking the difficulty, is wanting in an essential element of self-defense. and is properly refused.

9. *Same; Belief as to Danger.*—A charge which fails to hypothesize that defendant believed that he was in danger, when he fired the fatal shot, but is based only on the surroundings having been apparently dangerous and the circumstances having impressed defendant that he was in danger, is faulty, and properly refused.

10. *Same; Aggression; Retreat.*—A charge on self-defense, which pretermits the question of aggression by deceased and defendant's opportunity to retreat, is bad and properly refused.

11. *Same; Bringing on Difficulty.*—A charge which asserts that if deceased used the first insulting words, defendant did not bring on the difficulty, is not a correct statement of the law.

12. *Criminal Law; Reasonable Doubt.*—A charge which asserts that a doubt which justifies a conviction must be a reasonable one, growing out of the failure of the evidence to produce upon the minds of the jury an abiding conviction of the facts necessary to make out the charge, is correct.

13. *Same; Presumption of Innocence.*—A charge which asserts that the presumption of defendant's innocence casts upon the State the burden of proving defendant's guilt beyond a reasonable doubt, and, if it is so proven, the presumption of innocence can have no effect, is a correct statement of the law.

14. *Same; Testimony of Defendant.*—A charge which asserts that while the law says defendant is a competent witness in his own behalf, and that the jury should not capriciously reject his testimony, this does not mean that they should believe it. but only that they should consider it and give to it such weight as in their best judgment it was entitled to, when considered with the other evidence, is a correct statement of the law.

[Harrison v. State.]

APPEAL from Jackson Circuit Court.

Heard before the Hon. W. W. HARALSON.

The defendant was indicted as follows: "The grand jury of said county charge that before the finding of this indictment, that T. J. Harrison, whose christian name is to the grand jury otherwise unknown, unlawfully and with malice of forethought killed Tom Linnville by shooting him with a gun."

"The grand jury of said county further charge that before the finding of this indictment, Thomas J. Harrison unlawfully and with malice of forethought killed Tom Linnville by shooting him with a gun etc." (In this second count, the "I" is not dotted in the name *Linnville*.)

The defendant moved to quash the indictment because of the difference in the names of the party alleged to have been killed, in the two counts. This motion was overruled. The defendant then interposed demurrers to the indictment as follows; "because the two counts were self contradictory and repugnant, it being alleged in one count that the defendant's christian name was otherwise unknown, and in the second count sets out his christian name." 2. Because of the difference in the name in the two counts of the person alleged to have been killed, and 3rd; because said first count does not conclude against the peace and dignity of the State of Alabama. The court at the request of the State gave the following written charges. Charge 1. When passions have been suddenly aroused upon a sufficient provocation in order that such may reduce a killing from murder to manslaughter, it must appear that the killing was done under the influence of passion promptly acted upon. If the passions did not have sway and were allowed to subside, and vengeance or malice is allowed to take the place of passion, and the killing was done from motives of vengeance or malice, such killing would be murder and not manslaughter. Charge 2. A doubt which justifies an acquittal must be a reasonable one growing out of a failure of the evidence to produce an abiding conviction in the minds of the jurors of the facts necessary to make out the case. Charge 3. If the deceased was a violent, dangerous man, this did not authorize the defendant to kill him. If, at the time the fatal shot was fired, the de-

ceased was going from the defendant and was making no demonstration to injure the defendant, and if the defendant had no reasonable ground to believe the deceased was about to kill him or seriously injure him, then such character offered the defendant no excuse for killing the deceased. Charge 4. The presumption of defendant's innocence has the effect to cast upon the State the burden of proving the defendant's guilt beyond a reasonable doubt, and if his guilt is so proven, the presumption of innocence can have no effect. Charge 5. I charge you, gentlemen of the jury, that while the law says that the defendant is a competent witness and may testify in his own behalf, and that you should not capriciously disregard it, it does not mean you should believe it. It means only that you should consider it and ascertain to the best of your judgment whether it is true. If true, you should act upon it as upon truth from any other source; if you should not believe it, you should reject it. You are the sole judges of the truth of the evidence. Charge 6. I charge you, gentlemen of the jury, that in considering the evidence you should weigh it in the light of all of the circumstances; when you have so considered the evidence, if you have an abiding conviction beyond a reasonable doubt that the defendant killed the deceased from malice, such killing would be murder.

The defendant requested the court to give the following written charges separately, each of which were refused. Charge A. If the defendant, at the time he shot, believed he was in danger of his life or of great bodily harm from the deceased, though in fact he was mistaken, and was not in actual danger, yet if he did so believe, the law may mitigate the crime from murder to manslaughter. B. The court charges the jury that if the defendant carried his gun to the place of difficulty with no purpose of provoking or bringing on a difficulty, and if deceased cursed and abused him, struck and assaulted him with a pistol and threatened to kill him, and if when defendant fired the fatal shot, the deceased had his pistol in his hand and was turning towards defendant in a threatening manner, and the circumstances were such as to reasonably impress the defendant that he was in great and imminent peril, and if there was no reasonable mode

of escape, without increasing his peril, and he was free from fault in bringing on the difficulty, the jury should acquit him.   C.   The court charges the jury that if the deceased had assaulted the defendant with a pistol by striking him just before the fatal shot was fired and had cursed and abused him and threatened to kill him, and if, at the time of the shooting, just after said assault, and while smarting under the blow, defendant fired the fatal shot while deceased was in the act of turning on defendant, only a few feet away with a loaded pistol in his hand pointed towards the defendant, and the circumstances were such as to reasonably impress defendant that he was in great and imminent peril and the defendant thereupon fired the fatal shot, then the defendant could not be convicted of murder either in the first or second degree. D.   The court charges the jury that if defendant was being assaulted by the deceased at the time he fired the fatal shot with a pistol in dangerous proximity, and he was free from fault in bringing on the difficulty and if the assault was so violent in character as to make retreat dangerous or impossible, and the appearances were such as to impress the mind of a reasonably prudent man that his life was in danger, or that he was in danger of serious bodily harm from such assault, then the defendant had the right to shoot deceased and the jury should find him not guilty.   F.   The court charges the jury that if at the time the defendant fired the fatal shot, the deceased had his back to the defendant, and you further believe from the evidence that defendant reasonably believed that he was at the time in danger of losing his life or of great bodily harm and was not at fault in bringing on the difficulty, then the defendant had the right to fire.   H.   The court charges the jury that if the deceased used the first insulting words then the defendant did not bring on the difficulty under the evidence in this case.   I.   Related to murder in the first degree.   The defendant was convicted of murder in the second degree, and sentencd to 18 years in the penitentiary.

No counsel marked appearing for appellant.

MASSEY WILSON, Atty. Gen. and JOHN F. PROCTOR, Solicitor for Jackson county, for the State.—The motion

to quash the indictment on account of the difference in the names of the party alleged to have been killed; and the demurrers to the indictment were properly overruled. Sec. 4504, Code 1896; *O'Brien v. State*, 91 Ala. 25; *Smith v. State*, 39 So. 328; *Dorsey v. State*, 134 Ala. 553; *Jones v. State*, 53 Ala. 27; *Evans v. State*, 62 Ala. 6; *Ferguson v. State*, 134 Ala. 63; *Duvall v. State*, 63 Ala. 12; *Commonwealth v. Thompson*, 2 Cush. 551; *Jones v. State*, 115 Ala. 83; *Johnson v. State*, 111 Ala. 63; *Hornsby v. State*, 94 Ala. 55; *Thomas v. State*, 111 Ala. 51; 22 Ency. Pl. and Pr. p. 669; *Coffin v. U. S.*, 156 U. S. 437, 39 L. R. A. 481.

Charge 1 given for the State was correct.—*Martin v. State*, 119 Ala. 1. Charges 2 and 6 were very clear definitions of reasonable doubt.—*Jackson v. State*, 136 Ala. 22. Charge 3 is correct.—*Rhea v. State*, 100 Ala. 119; *Teague v. State*, 120 Ala. 309. Charge 4 was correct.— *Waters v. State*, 117 Ala. 108. Charge 5 was also good.— *Pitts v. State*, 140 Ala. 70.

Charge A. refused to defendant is faulty in ignoring freedom from fault in bringing on the difficulty.—*Sherill v. State*, 138 Ala. 3; *Bell v. State*, 115 Ala. 39. Charge B. is faulty in singling out and giving undue prominence to portions of the testimony; It is argumentative; It pretermits the postulate that the defendant did believe that he was in imminent peril of his life at the time he fired the fatal shot, and it is abstract.—*Teague v. State*, 120 Ala. 309; *Anglin v. State*, 137 Ala. 17; *Parrish v. State*, 139 Ala. 26; *Walker v. State*, 85 Ala. 7. Charges C. and D. were faulty for the same reasons as charg B., and are abstract and do not clearly state the doctrine of imminence of peril and escape therefrom.—*Mitchell v. State*, 133 Ala. 65. Charges E. F. and G. ignore the doctrine of retreat.—*Sherrill v. State*, 138 Ala. 3. Charge H. invaded the province of the jury. Charge I., if error was committed in refusing it, was without injury, as the defendant was convicted of murder in the second degree.

ANDERSON, J.—Upon an examination of the record we find that the name of the deceased seems identical in both counts, except that a dot does not appear over the

"i" in one of the counts, and the objection raised on this account by the demurrer to the indictment or to the copy is hypercritical and without merit.

We do not think there is any merit in the ground of demurrer proceeding upon the idea that the indictment is repugnant and inconsistent, because it sets out the name of the defendant in one count and gives the initials in the other, with an averment that the Christian name was otherwise unknown. If the proof disclosed that his name was Thos. J. Harrison, the other count could be charged out; and if the proof showed that his name was not Thos. J. Harrison, then the grand jury was mistaken as to his christian name, and this count would be good, and the one that set out his name could be charged out. These averments in separate and distinct counts did not render the indictment demurrable, but the defendant could have protected himself by appropriate instructions after the proof was had. The pleader should be given some latitude as to matters merely descriptive, and be permitted to frame counts to meet every emergency about which there may be doubt or uncertainty; otherwise, the very spirit of the law in permitting more than one count in an indictment would be thwarted.—*Smith v. State* (Ala.) 39 South. 329; *Duvall v. State*, 63 Ala. 12. Furthermore, the demurrer was bad, because each count stands alone and each is considered alone.

The fifth ground of demurrer relates to the first count, and, we suppose, proceeds upon the idea that said count does not conclude, "against the peace and dignity of the State of Alabama." It is not necessary that each count should so conclude, if the indictment so concluded; and the indictment here does so conclude.—*McGuire v. State*, 37 Ala. 161.

There was no error on the part of the trial court in refusing to quash the indictment on account of the middle initial in the names of grand jurors Hunt and Lyda, or in permitting proof that they were the only persons residing in the precinct with such names.—*Rampey v. State*, 83 Ala. 31, 3 South. 573; *Kimbrell v. State*, 130 Ala. 40, 30 South. 454; *Sewell v. State*, 82 Ala. 57, 2 South. 622; *Pace v. State*, 69 Ala. 231, 44 Am. Rep. 513. And this doctrine applies to the objection of defendant

to petit juror Tanner. Besides, section 5269, Code 1896, prescribes the only grounds for quashing an indictment, owing to the drawing, etc., of the grand jury, and the point presented is not upon any ground therein enumerated.

The defendant objected to J. A. Rorex being put upon him, because he served on the regular jury the preceding week, and to P. M. Ray, because he had served on a grand jury within 12 months. Section 4988 of the Code of 1896 expressly excepts persons specially summoned as jurors in capital cases from any disqualification by virtue of having rendered other jury service.

There was no error in giving charge 1 requested by the state.

Charges 2 and 6, requested by the state, correctly assert the law.—*Rhea v. State,* 100 Ala. 119, 14 South. 853.

Charge 3, requested by the state, correctly asserts the law.—*Jackson v. State,* 136 Ala. 22, 34 South. 188.

Charge 4, given for the state, is law.—*Waters v. State,* 117 Ala. 108, 22 South. 490.

There was no error in giving charge 5, requested by the state.—*Pitts v. State,* 140 Ala. 70, 37 South. 101.

Charge A., requested by the defendant, was properly refused. The defendant may have believed he was in danger of his life at the time of the killing, yet may have provoked the difficulty with a murderous design, and the charge ignores freedom from fault on the part of the defendant.

Charges B. and C., requested by defendant, were properly refused. If not otherwise bad, they pretermit the belief of the defendant as to his danger at the time he fired the shot. The circumstances may have been such as to have impressed the accused that he was in danger, yet he may not have been so impressed when he fired the shot, and, if he did not do so under the belief that he was in danger, then his act would not be excusable, and was not for the purpose of self-protection.

Charge D. was properly refused. It pretermits the defendant's belief or intent at the time he fired the shot. The surroundings may have been apparently dangerous, yet, if he did not honestly believe he was in danger, his act was not one of self-protection.

[Coker v. State.]

Charges E and G, refused to the defendant, were properly refused, whether good or bad, as they were fully covered by charge N, which was given at the request of the defendant.

Charge F, requested by defendant, was properly refused. The defendant had no right to fire unless the deceased was the aggressor, nor even then if he could retreat with safety, and both of these propositions are ignored by the charge.

Charge H was properly refused. The defendant may have brought on the difficulty by some act or deed, whether he used the first insulting word or not.

Charge I need not be considered, as the defendant was acquitted of murder in the first degree.

The judgment of the circuit court is affirmed.

WEAKLEY, C. J. and TYSON and SIMPSON, JJ., concur.