# Huguley *v.* The State.

## *Murder.*

(Decided Apil 11, 1912.  58 South. 814.)

1. *Homicide; Evidence; Clothing.*—It is not error to admit in evidence the clothes worn by deceased when he was shot and killed.

2. *New Tial; Criminal Case.*—The action of the trial court on a motion to set aside the verdict and grant a new trial in a criminal case is not revisible.

3. *Charge of Court; Reasonable Doubt.*—A charge asserting that if there is from the evidence a reasonable probability of the defendant's innocence, he should be acquitted, is proper and should be given.

4. *Appeal and Error; Record; Certiorari.*—Where an accused complains of the refusal of an instruction which was written in the transcript in such a way that it is difficult to decipher a word therein, and a particular word is necessary to render the instruction correct, the appellate court will compel the trial court to certify the original bill of exceptions, and the original charge on file so as to enable the court from an inspection of the papers to determine the word used in the instruction.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Jim Huguley was convicted of murder in the second degree and he appeals. Reversed and remanded.

BLAKE & WALKER, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The appellate court will not review the action of the trial court in refusing to grant a new trial in a criminal case. —*Dorsey v. The State,* 107 Ala. 157; *Ferguson v. The State,* 149 Ala. 21. Charges 3 and 12 were properly refused.—*Nicholson v. The State,* 117 Ala. 32; *Liner v. The State,* 124 Ala. 407. Charges 6 and 10 were properly refused.—*Sims v. The State,* 100 Ala. 23; *Nichols v. The State,* 123 Ala. 23. Charges 7 and 11 were properly refused.—*Rogers v. The State,* 117 Ala. 9; *Nevill v. The State,* 133 Ala. 99; *Phillips v. The State,* 162 Ala. 14. Charge 17 was properly refused.—*Green v. The State,* 97 Ala. 59. It is not encumbent on the court to recall the jury for the purpose of charging as to the character of the defendant, as such charges could have been asked before the jury retired.—*Cooper v. The State,* 79 Ala. 54; *Taylor v. The State,* 121 Ala. 24.

PELHAM, J.—The defendant, who prosecutes this appeal, was tried on an indictment charging murder in the first degree, was convicted of murder in the second degree, and was sentenced to serve a 12-year term of imprisonment in the penitentiary.

The clothes worn by the deceased on the occasion when he was shot and killed by the defendant were sufficiently identified, and there was no error committed by the court in allowing them to be introduced in evidence on the trial.

The court's ruling on the defendant's motion to set aside the verdict of the jury and grant a new trial is not revisable on appeal.—*Herndon v. State,* 2 Ala. App. 118, 56 South. 85; *Ferguson v. State,* 149 Ala. 21, 43 South. 16; *Thomas v. State,* 139 Ala. 80, 36 South. 734.

Charge No. 10, requested in writing by the defendant and refused by the court, as set out in the transcript, was written in such a way as to make it difficult to decipher one of the words. This word as written in the transcript could be read either as "possibility" or "probability," and as the correct reading of the word in this charge, after an examination of the entire record, became a matter of grave importance, this court, in order that no injustice be done, ex mero motu had a writ of certiorari issued to the court below, and had certified to us the original bill of exceptions filed in the case, in which the charge was set out, and the original charge as it appeared in the files of the court, and from an inspection of these papers there can be and is no doubt but that the correct reading of the word used in the charge is *probability.*

The charge is as follows: "No. 10. I charge you, gentlemen of the jury, that if there is, from the evidence, a reasonable probability of defendant's innocence, the

jury should acquit the defendant." This charge asserts a correct proposition of law, that has been repeatedly approved, and its refusal is error that must reverse the case.—*Bain v. State,* 74 Ala. 38; *Winslow v. State,* 76 Ala. 42; *Prince v. State,* 100 Ala. 144, 14 South. 409, 46 Am. St. Rep. 28; *Whitaker v. State,* 106 Ala. 30, 17 South. 456; *Bones v. State,* 117 Ala. 138, 23 South. 138; *Henderson v. State,* 120 Ala. 360, 25 South. 236; *Shaw v. State,* 125 Ala. 80, 29 South. 390; *Gainey v. State,* 141 Ala. 72, 37 South. 355; *Fleming v. State,* 150 Ala. 19, 43 South. 219; *John Adams v. State,* 175 Ala., 57 South. 591, present term; *Luther Johnson v. State, infra,* 57 South. 593.

We have examined each of the other refused charges, and find no error in the court's rulings on such charges.

Reversed and remanded.