# Holmes *v.* The State.

### Murder.

(Decided January 13, 1916.   70 South. 720.)

**Homicide; Self Defense; Instruction.**—In order to make a valid plea of self defense a defendant must have honestly believed that he was in imminent peril of life or great bodily harm at the time he fired the fatal shot; hence, it was not error to refuse to instruct that if defendant was in imminent peril of life or great bodily harm and could not have retreated without increasing his peril, the burden was on the state to show that he was not free from fault in bringing on the difficulty, as such instruction pretermits such belief.

APPEAL from Jefferson Criminal Court.

Heard before Hon. H. P. HEFLIN.

Sol Holmes was convicted of murder in the first degree, and he appeals. Affirmed.

Charge 4, requested and refused, is as follows: The court charges the jury that, under the evidence in this case, if you believe the defendant was in imminent peril of life or great bodily harm, and could not have retreated without increasing his peril, then the burden is on the state to show that defendant was not free from fault in bringing on the difficulty.

DOUGLASS & RAY, for appellant. W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for appellee.

GARDNER, J.—The appellant was tried and convicted of the murder of one Henry Bennett, and his punishment was fixed at life imprisonment.

The third assignment of error relates to the refusal of the court to give charge numbered 4. If not otherwise subject to criticism, this charge was properly refused for pretermitting the belief of the defendant of his perilous position. Speaking of the refusal of a charge involving a kindred defect, in the case of *Harrison v. State,* 144 Ala. 20, 40 South. 568, the court said: "It pretermits the defendant's belief or intent at the time he fired the shot. The surroundings may have been apparently dangerous, yet, if he did not honestly believe he was in danger, his act was not one of self-protection."

Other authorities to the same effect are *Bluett v. State,* 151 Ala. 41, 44 South. 84; *Wilkin v. State,* 98 Ala. 1, 13 South. 312; *Storey v. State,* 71 Ala. 329.

We are of the opinion that the other questions presented need no separate treatment here. Suffice it to say they have been given careful consideration by the court in consultation and found to be without merit, and a discussion thereof is deemed unnecessary.

Finding no reversible error in the record, the judgment of the court below is, accordingly, affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.