(93 South. 229)

### STATE ex rel.  SEIBELS v. CURTIS, Circuit Judge. (3 Div. 426.)

(Court of Appeals of Alabama.  May 30, 1922.)

District and prosecuting attorneys ⬡⬤8—Prohibition instituted only on relation of Attorney General, and not on relation of district solicitor.

Prohibition by the state to prevent a county judge from considering a petition for habeas corpus can only be instituted on the relation of the Attorney General, and a petition filed by and on the relation of a solicitor of a judicial district will be dismissed.

Petition by the State of Alabama, on the relations of W. T. Seibels as solicitor, directed to Hon. J. J. Curtis as judge of the circuit court of Walker county, prohibiting him from hearing and determining a habeas corpus proceeding instituted by C. R. Walker. Petition for prohibition dismissed.

A warrant was issued out of the court of common pleas of Montgomery county, directing the arrest of C. R. Walker, on a charge of criminal libel, growing out of the publication, in Walker's paper in Walker county, commenting on the behavior of Mrs. O. C. Maner, on the occasion of the visit of the congressional delegation to the Gorgas plant under lease to the Alabama Power Company. Upon the execution of the warrant, Walker brought habeas corpus before Judge J. J. Curtis in the Walker circuit court, who entered an order fixing bail and setting the case down for hearing at a later date. Pending the hearing of the habeas corpus proceeding, this petition was filed to prevent the judge from considering the petition for habeas corpus on its merits.

W. T. Seibels and O. C. Maner, both of Montgomery, for appellant.

The court of common pleas of Montgomery county has jurisdiction of the person and the subject-matter set up in the warrant and affidavit. Acts 1919, p. 155. The writ of habeas corpus should not have issued at all. 187 Ala. 426, 65 South. 840; 150 Ala. 489, 43 South. 490, 10 L. R. A. (N. S.) 1129, 124 Am. St. Rep. 79; 125 Ala. 110, 27 South. 969; 19 Ala. 438; 9 Enc. P. & P. 1010; 12 Enc. P. & P. 153.

Bankhead & Bankhead, of Jasper, for appellee.

A petition for mandamus or writ of prohibition cannot issue on the relation of the solicitor; that authority resting only in the Attorney General. 113 Ala. 85, 21 South. 210; 160 Ala. 163, 48 South. 1035.

BRICKEN, P. J. Under the authority of Ex parte State of Alabama, In re Stephenson, 113 Ala. 85, 21 South. 210, and State ex rel. Almon et al. v. Burke, Judge, 160 Ala. 163, 48 South. 1035, the petition filed in this court by W. T. Seibels, solicitor of the Fifteenth judicial circuit, et al., is dismissed.

Petition dismissed.