(115 So. 700)

## CORY v. STATE. (1 Div. 728.)

Court of Appeals of Alabama. Feb. 14, 1928.

Application for Rehearing Dismissed March 6, 1928.

S. C. Jenkins, of Bay Minette (Jesse F. Hogan, of Mobile, of counsel), for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J. There are numerous points of decision insisted upon by appellant as error. These relate, mainly, upon the rulings of the court on the admission of evidence. After an examination of these exceptions, we are convinced that no reversible error appears. We discover no ruling of the court in this connection prejudicial to the appellant's substantial rights. It would serve no purpose in discussing these matters, and we refrain from so doing.

The exceptions to the oral charge of the court are not presented. They are by reference only and as a consequence are not within the rule which would authorize this court to review or consider them. An exception to the oral charge is insufficient if descriptive only. In other words, there is no practice which allows an exception by description of a subject treated by the court in an oral charge to the jury. The rule is that the reservation of an exception must be to a particular, exactly designated statement of the judge in the oral charge. An exception to the oral charge is abortive and cannot be considered unless so taken.

Among the several charges requested in writing by appellant and refused we find charge No. 4½, which is as follows:

"The court charges the jury if there is, from the evidence, a reasonable probability of the defendant's innocence, the jury should acquit the defendant."

This charge asserts a correct proposition of law, and its refusal was error that must reverse the case. So said this court in the case of Huguley v. State, 4 Ala. App. 29, 58 So. 814. To sustain said holding numerous decisions are cited in the Huguley Case, supra, to which special reference is here made.

Reversed and remanded.

## On Rehearing.

There has been filed, in this case, a purported application for rehearing, by L. S. Biggs, solicitor of the Twenty-First judicial circuit. We are informed by said solicitor, in effect, that the Attorney General of the state refused to join in the application for rehearing; hence his reasons for making the application direct.

There are two reasons why this purported application for rehearing may not be considered by this court: (1) There has been no brief filed by the state in this case upon submission, or within 15 days thereafter, as required by Supreme Court rule 38. This rule applies to criminal cases, as in civil cases. Caraway v. State, 207 Ala. 588, 93 So. 548. See, also, Ex parte Shirey (In re Shirey v. State) 206 Ala. 167, 90 So. 758.

The remaining, and equally conclusive, reason for striking the application for rehearing, is that a solicitor is without authority to file the application in this court. Such applications must be in the name of the state, and must be made by and through the Attorney General; there is no other officer entitled to use the name and authority of the state. Ex parte State of Alabama (In re Stephenson) 113 Ala. 85, 21 So. 210. In that case Brickell, Chief Justice, said:

"It is manifest that this tribunal can recognize no other representative of the state than the Attorney General," * * * as "the law commits to [his] judgment and discretion" matters of this kind, "and when he proceeds, he must proceed in the name of the state."

See, also, State ex rel. Seibels v. State, 18 Ala. App. 531, 93 So. 229.

Application dismissed.