(123 So. 280)

## MORRIS v. STATE. (8 Div. 788.)

Court of Appeals of Alabama.  June 29, 1929.

W. H. Quillin, Sol., of Russellville, for the State.

David A. Grayson, of Huntsville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Williams & Chenault, of Russellville, for appellee.

RICE, J. ▇▇ The court has considered this case, sitting en banc, i. e., we have read the entire evidence in that manner. We are of the opinion that the ruling of the trial court permitting the witness May to testify, over timely and proper objection, that the goods found in the possession of appellant were "stolen from the store" of witness, constituted reversible error. Jones v. State, ante, p. 79, 121 So. 6.

▇▇ Without this illegal testimony, there would have been nothing tending to prove the corpus delicti, in which state of the case, of course, the confession of appellant would not have been admissible in evidence.

The judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.

(123 So. 275)

## STATE v. HOWELL. (8 Div. 887.)

Court of Appeals of Alabama.  June 29, 1929.

BRICKEN, P. J. This purported appeal is by the state, through the solicitor who prosecuted appellee in the court below under an affidavit charging him with the offense of violating the prohibition law. We gather from the brief of the solicitor that the appeal was taken by him on behalf of the state and was justified, because the lower court declared certain sections of the Code 1923, unconstitutional.

▇▇ There is no phase of this case which justified this appeal. In the first place, the solicitor of the court below has no authority to appear here as counsel for the state in this court. This court can recognize no other representative of the state than the Attorney General, and the Attorney General does not join in this appeal. Ex parte State (In re Stephenson) 113 Ala. 85, 21 So. 210; State ex rel. Seibels v. Curtis, 18 Ala. App. 531, 93 So. 229. Moreover, there is nothing in the entire record to indicate that a constitutional question of any character was raised in any manner in the court below. To the contrary, it affirmatively appears that the court, upon motion of appellant, excluded the evidence because of its insufficiency to warrant a conviction, and discharged the defendant. This operated as an acquittal of the accused and is conclusive of further proceedings against him based upon this same charge.

The purported appeal is dismissed.

Appeal dismissed.