HITCHCOCK *et al. v.* CITY OF GALVESTON.

(*Circuit Court, E. D. Texas.* March Term, 1880.)

1. MANDAMUS—WHEN RETURNABLE—TEXAS STATUTE.
    Rev. St. Tex. art. 1215, providing that the defendant shall be summoned to appear at the next regular term of court, relates only to ordinary process obtained from the ministerial officer of the court, and not to extraordinary writs, and a writ of *mandamus* may be made returnable at the same term. *Fitzhugh* v. *Custer*, 4 Tex. 391, followed.

2. SAME—ALTERNATIVE WRIT—AGAINST MUNICIPAL OFFICERS—SERVICE.
    Where a writ of *mandamus* is issued against the mayor and aldermen of a city commanding them to pay forthwith a judgment against the city, or to show cause why a peremptory writ should not be issued requiring them to levy a tax for the purpose of paying the same, service upon the mayor alone is sufficient for the purpose of eliciting an answer, as the city is the real party in interest.

3. SAME—LEVY OF TAX—REMEDY AT LAW—PENDING GARNISHMENT.
    Where a person having a judgment against a city has garnished stocks owned by it to an amount sufficient to satisfy his claim, he cannot have a writ of *mandamus* to compel the levy of a tax, while the question of the validity of his garnishment is still pending in the supreme court on his own appeal.

Application by D. G. Hitchcock & Co. for a writ of *mandamus* to the mayor and aldermen of the City of Galveston, requiring them to levy a tax for the purpose of paying a judgment against the city, owned by him. Heard on demurrer to the return to the alternative writ. Demurrer overruled, and judgment for respondents.

*F. Charles Hume*, for petitioners.

*W. P. Ballinger* and *R. V. Davidson*, for respondents.

BRADLEY, Justice. On the 7th of May last the plaintiffs, upon a petition filed for that purpose, obtained an order for the issue of an alternative *mandamus* commanding and directing the defendant the city of Galveston to pay forthwith the amount of plaintiffs' judgment, with interest and costs, (being a judgment for $117,540.99, rendered May 9, 1879, with interest at 8 per cent. per annum,) or to appear before the court on Tuesday, June 1, 1880, and show cause, if any there might be,

why the peremptory writ of *mandamus* should not issue, requiring a sufficient tax to be levied, assessed, and collected on and out of the taxable property within its corporate limits to pay said judgment, interest, and costs, and requiring said judgment, interest, and costs to be paid out of the proceeds of such levy, assessment, and collection within 90 days from the service of said writ. The alternative writ was directed to the city of Galveston and to the mayor and aldermen by name, but was served only on the mayor, being served on the day it was issued. The defendants have appeared and filed a return—*First*, interposing some preliminary objections; and, *secondly*, assigning reasons why a peremptory *mandamus* ought not to be granted. The preliminary objections are two: First, it is objected that the writ ought not to have been made returnable in the same term, this adjourned term of the court being a mere continuation of the term pending when the writ was issued; and for this objection reference is made to article 1215 of the Revised Statutes of Texas, which directs that the citation shall command the sheriff to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court. This is substantially the old law, first enacted in December, 1836, (see Laws 1836, p. 201,) and afterwards in 1848, (see Hart. Dig. p. 269, art. 810; Pasch. Dig. art. 1506.) By an early construction given to this law in the case of *Bradley* v. *McCrabb*, Dall. Dig. 504, it was decided that it related only to the ordinary process obtained from the ministerial officer of the court without the intervention of judicial power, and not to those extraordinary writs, such as *habeas corpus*, *mandamus*, etc., which are issued by the direction of a court or judge, and which would be deprived of much of their efficacy if they could only be made returnable to a future term. This case was cited and approved in *Fitzhugh* v. *Custer*, 4 Tex. 391. This objection, therefore, is not sustained. The other preliminary objection—that the writ was only served on the mayor—must also be overruled. The proceeding is against the city, and is against the mayor and aldermen individually only as representative officers. The mayor being the head officer, the writ was properly served on him. Of course, if a peremptory *mandamus* be issued, it ought regularly to be served on all officers individually whom it is desired to bring into contempt for disobedience to the command of the writ. But for the purpose of eliciting an answer from the corporation to show cause why a peremptory *mandamus* should not be issued, service on the mayor is sufficient.

Two principal grounds are alleged by the defendants in their return against the application for the writ of *mandamus*: *First*, that the plaintiffs have not exhausted their ordinary remedies for collecting the judgment; and, *secondly*, that the common council of the city of Galveston have no legal power to levy the tax which the plaintiffs seek to compel them to levy. The first of these grounds is based on the fact alleged in the return, that on the 9th of June, 1879, the plaintiffs, in order to collect the amount due on their said judgment, caused to be issued out of this court two separate writs of garnishment,—one against the Galveston Wharf Company, garnishing 6,222 shares of the capital stock of said

company, belonging to the city of Galveston, and worth $35 per share, besides $4,666.50 of dividends then due the city; the other against the Galveston City Railroad Company, garnishing 693 shares of the capital stock of said company, belonging to the said city, and worth $12 per share; and that dividends in the former company to the amount of $18,-666 have since accrued to the city on its said stock; and that by said proceedings all of said stock and dividends have been placed beyond the control of said city; that judgment was given against the plaintiffs in said suit of garnishment against the Galveston Wharf Company, (the court considering the said stock not liable for the city's debt,) which judgment has been removed by writ of error to the supreme court of the United States by the plaintiffs; and that judgment was given in favor of the plaintiffs in the suit against the Galveston Railroad Company, which judgment has been removed by writ of error to the supreme court of the United States by the defendant the city of Galveston; so that the question of the liability of said several stocks to the satisfaction of said plaintiffs' judgment is still pending and undetermined. The property belonging to the city thus garnished amounts to over $250,000, and is abundantly sufficient to satisfy the judgment in question if it should be held to be applicable to the payment thereof. The plaintiffs argue that the city is estopped from urging this objection to the *mandamus*, because it contends and insists that the property garnished is not liable to be applied to the payment of the judgment. But this argument cannot avail the plaintiffs, for they are equally estopped by contending and insisting that it is so applicable. One estoppel meets and nullifies the other; and the fact remains that here is abundant property of the city to pay the whole demand, which the plaintiffs have taken the ordinary means to subject to that purpose. Had the property been visible and tangible, instead of being a chose in action, and had it been levied on under an ordinary execution, it is evident that such execution could not have been returned *nulla bona*, and, though the defendant in such case had contended that the property levied on could not be sold to pay the city indebtedness, yet, if the plaintiffs insisted to the contrary, and prosecuted their claim to hold it, they could not, while prosecuting such claim, demand a *mandamus* for raising a tax also. Had the plaintiffs yielded to the judgment of this court in reference to the stock of the wharf company, they might then, perhaps, have been in a position to ask for this kind of relief. But not thus yielding, they take the attitude of still pursuing the stock as a just means of satisfying their judgment.

It is a well-settled principle that a writ of *mandamus* will not be granted where the party has another adequate remedy. Hence a *mandamus* will not ordinarily be granted to compel a municipal body to levy a tax to pay a judgment until, by the issue of an execution and a return of *nulla bona*, it be shown to the court that the plaintiff has exhausted all ordinary remedies for the collection of his debt. In the present case, it is true, *nulla bona* has been returned to the common execution issued upon the judgment. But the laws of this state afford

remedies for reaching property which cannot be levied on by ordinary execution. The plaintiffs, perhaps, may not have been obliged to resort to these remedies. But it is shown that they have chosen to do so; they have seized upon property of the city sufficient, and more than sufficient, to pay their whole debt, and by a process which holds it as firmly as tangible property can be held under an ordinary execution. They are engaged in prosecuting their right to hold this property. Their very course of action shows that the question whether they are not entitled to hold it is at least a doubtful one. Until this question is decided it does not appear that they have any need of the extraordinary remedy of *mandamus.* The plaintiffs cannot with one hand grasp property sufficient to satisfy their judgment, and reach out the other for a *mandamus* to levy taxes. If their right to the property seized is disputed, they are still in no plight to ask for a *mandamus* until that dispute is decided, or is by them abandoned. Entertaining these views, I think that the demurrer to the return must be overruled, and judgment given for the respondents, refusing the issue of a peremptory *mandamus.* This renders it unnecessary to consider the question of the power of the city to levy the tax in question. Judgment is given for the respondents accordingly.