# State, *ex rel.* Almon, *et al. v.* Burke, Judge.

## *Mandamus.*

(Decided Feb. 4, 1909. Rehearing denied April 6, 1909. 48 South. 1035.)

1. *Appeal and Error; Harmless Error; Erroneous Ground for Correct Decision.*—A judgment which is correctly rendered will not be reversed because the trial court based its decision on the wrong ground.

2. *Mandamus; Parties Entitled to Institute.*—Mandamus by the state to compel a judge to reinstate criminal cases. on his docket cannot be instituted by the solicitor of the circuit, but must be instituted on the relation of the attorney general. (Construing sections 636 and 7797, Code 1907.)

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Mandamus by the state of Alabama on the relation of D. C. Almon, solicitor for the 8th judicial circuit, and on the relation of the county solicitor of Cullman county, to require Robert I. Burke as judge of the county court of Cullman county, to restore certain criminal cases to his docket. From a judgment dismissing the petition, relators appeal. Affirmed.

ALEXANDER M. GARBER, Attorney-General, THOMAS W. MARTIN, Assistant Attorney-General, and J. B. BROWN, for the state.—The term, nol prosse, is defined in the following authorities.—Black's Law Dict. p. 818; *State v. Maine Cent. Ry. Co.,* 77 Me. 244; 98 Mo. 126; 45 N. J. L. 154; 31 Tex. 261; 49 N. Y. 141; 35 L. R. A. 701; *Wooster v. The State,* 55 Ala. 220; *Galpin v. Pace,* 84 U. S. 350. Mandamus will lie to correct erroneous rulings of the court where injury will result and there exists no right of appeal, or other adequate means of re-

dress.—142 Ala. 88; 133 Ala. 214; 123 Ala. 99; 114 Ala. 659; 103 Ala. 415; Ib. 104; Id. 154; 92 Ala. 120; 84 Ala. 154; 75 Ala. 543. Mandamus will issue from the circuit court to a county court.—140 Ala. 460; 117 Ala. 548; 86 Ala. 585; 7 Port. 47. The act complained was coram non judice.—9 Cyc. 976, and in that event, it may be controlled by a mandamus.—See authorities supra. Counsel discuss the relative rights of the circuit and county courts, and insist that the circuit court may issue mandamus to the county court judge.

GEORGE H. PARKER, and JOHN C. EYSTER, for appellee. —The respondent had a right to file his plea in abatement or move to quash the writ or dismiss the petition before making his return.—Sec. 4864, Code 1907; 13 Ency P. & P. 697; 704-709; 710. One court will not interfere with another court of equal concurrent jurisdiction.—*Gay v. Briarfield Co.,* 94 Ala. 308; *Gould v. Hayes,* 19 Ala. 437; *Turrentine v. Blackwood,* 28 South. 95; *Shields v. The State, ex rel.,* 86 Ala. 586. The act of the county court in dismissing or entering a nol prosse was a judicial act and cannot be controlled by mandamus, and the court having acted, its decision cannot be reviewed by mandamus.—103 U. S. 238; 94 U. S. 418; 14 Wall. 152; 114 U. S. 174; 116 U. S. 401; *Ex parte Brown; Ex parte Merritt,* 142 Ala. 116; *Taylor v. Cobb,* 100 Ala. 606; *Ex parte Hayes,* 92 Ala. 120; *Ex parte Cresswell,* 60 Ala. 378; *Ex parte Cochran,* 74 Ala. 50. The solicitor cannot join in such petition. The attorney general is the proper party.—*Ex parte Stevenson,* 113 Ala. 85; *Ex parte Mullett,* 71 Ala. 371; *Ex parte State of Alabama,* 71 Ala. 362; 124 Ala. 97.

MAYFIELD, J.—This was an application by the state, on relation of D. C. Almon, its solicitor for the Eighth judicial circuit, and his county solicitor for Cull-

[State, ex rel. Almon, et al. v. Burke, Judge.]

man county, to Hon. D. W. Speake, judge of the Eighth judicial circuit, for a mandamus to Hon. Robt. I. Burke, judge of the county court of Cullman county, to compel the said judge of the county court to reinstate upon the docket of the county court of Cullman county divers criminal causes for violation of the prohibition laws of this state, particularly mentioned in the petition for mandamus, which are alleged to have been unlawfully nol. pros'd by the said county court, without the consent or request of the circuit or the county solicitor, and over their protest, and to compel the said judge to proceed with the trial of said causes. The circuit court, after several preliminary orders and amendments of pleadings unnecessary to consider, on motion of the respondent, quashed the alternative writ and dismissed the petition, from which judgment and order the petitioners appeal to this court and assign various errors.

It is not only unnecessary, but improper, for us on this appeal to pass upon the merits of the petition or the assignments of error. We know of no law authorizing the solicitor, or any other person or officer, other than the Attorney-General of the state, to institute a proceeding like this, in the name or in the relation of the state, or in his own name. It is proper here to say that the petitioners have precedents for such proceedings; but in none of these cases was the question raised or passed upon, and it appears to have here escaped the attention of counsel and of the court. In the one case in which the question was passed upon—which was a case identical with the one at bar—Brickell, C. J., we think properly, held that suits like the one at bar could only be instituted on the relation of the Attorney-General. See *Ex parte state* (*In re Stephenson*), 113 Ala. 85, 21 South. 210. In this case that learned judge said: "Whether the state has an interest in the vacation of the order made in a criminal case by a court of competent

[State, ex rel. Almon, et al. v. Burke, Judge.]

jurisdiction, or whether there shall be a prohibition of the exercise of jurisdiction, or any other remedial writ prosecuted by the state, at all times a matter of more or less gravity, the law commits to the judgment and discretion of the Attorney-General, and, when he proceeds, he must proceed in the name of the state."

This question was raised in the court below, and is jurisdictional; and although the trial court seems to have based its order upon another ground, yet the judgment and order was correct, and cannot be reversed for that reason.

The judgment is affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.

On Rehearing.

PER CURIAM.—Section 636 of the Code of 1907, of Alabama authorizes the Attorney General to institute and prosecute, in the name of the state, all suits and other proceedings, at law or in equity, necessary to protect the rights and interests of the state. As stated in the former opinion, we know of no other law authorizing any other person or officer to institute suits or proceedings in the name of the state. The solicitor is not only authorized but it is made his duty, to prosecute suits in the name of the state; but he is given no such general authority to institute such suits. It is true that the solicitors, in their respective circuits, are authorized to institute certain specified actions to recover designated penalties; but the authority in such cases is limited and does not cover the proceeding in question. It is clearly shown to be the policy of the state to prevent and prohibit prosecutions from being instituted in the name of the state by the solicitors. Section 7793 of the Criminal Code makes it a criminal offense for any solicitor to commence a prosecution for any

criminal offense by his own affidavit, except where such offense is against his person or property or consists in a violation of a revenue law. The policy of the law is a question exclusively for the legislature or law-making power, and not for the courts. We can only consider, expound, or apply the law.

As was stated in the former opinion in this case, the petitioners had precedent for instituting this prosecution in the manner in which it was done; but the exact question involved in this case has been passed upon but once before by this court, and that was in the case upon which the former opinion was based. In *re Stephenson*, 113 Ala. 95, 21 South. 210. While the case of *Benners v. State*, 124 Ala. 97, 26 South. 942, does decide that solicitors, being the prosecuting officers of the state, are proper relators in the bringing of an application for mandamus, that opinion, like all others, must, of course, be limited to the case under consideration. That was an application for mandamus to compel a justice of the peace to issue a warrant—to perform a purely ministerial act. The statute at that time in force, and under which the application was brought, made it the duty of a justice of the peace to issue a warrant upon affidavit made as prescribed by law. He had no judicial discretion in the matter. The affiant in that case, being the party interested, might have applied for mandamus to compel the performance of that ministerial duty, as distinguished from a judicial function. Consequently that case, as well as other cases referred to in the former opinion as precedents, is clearly distinguishable from the case at bar, and from that of *In re Stephenson*, *supra*, upon which this decision is based.

As stated in the former opinion, the circuit judge may have assigned the wrong reasons; but he reached the correct conclusion, and his action must therefore be affirmed.

The application for a rehearing is overruled.