# Home Guano Co., *et al. v.* State, *ex rel.* Pike.

## *Mandamus.*

(Decided June 18, 1915. 69 South. 419.)

1. *Mandamus; Rule Nisi; Time.*—In the absence of statutory provision the rule nisi issued in a mandamus case is returnable before the court and not the judge, and must be heard and determined by the court according to the common law course; when issued at an adjourned term it was properly made returnable four days later as the power of the court at an adjourned term is as plenary as at a regular term. and as such term may continue as long as the business of the court requires, in the opinion of the presiding judge; but a rule nisi on an application for mandamus made in vacation is necessarily returnable to the next term of the court.

2. *Same; Nature; Action.*—Mandamus is a civil remedy and not a criminal procedure, but is prosecuted by petition addressed to the court or judge, and does not fall within the provisions of sections 5296, et seq., requiring civil actions to be commenced by the service of summons returnable to the next term of the court.

[Home Guano Co., et al. v. State, ex rel. Pike.]

3. *Same; Defense; Time; Sufficiency.*—The allowance of ten days in which to prepare for a hearing on the rule nisi in a mandamus proceeding cannot be said to be an unreasonably short time.

4. *Same; Petition; Sufficiency.*—A petition in mandamus alleging a request and demand at a reasonable and proper time upon the general management of a corporation, to obtain an examination of the books of the corporation, which was refused with the information that petitioner could not make such examination at any time, was not demurrable on the ground that a proper demand was not made at a reasonable time; the refusal to permit any examination foreclosing any inquiry as to the reasonable time therefor.

5. *Same; Excuse.*—Where the application was by mandamus to compel the corporation and its general manager to permit a stockholder of such corporation to examine its books, a plea setting up that owing to the nature of its business and the condition of its affairs the granting of permission to inspect its books, at the time of the request, would have involved the corporation in inconvenience and pecuniary loss, was not a sufficient excuse for an unqualified denial of permission to inspect the books.

6. *Same; Right of Stockholders.*—Mandamus by a stockholder to compel permission to examine the books of the corporation does not run against the corporation as such, but against its officers having the custody and control of the books, and where a corporation is brought in by service on its managing officer, an order for peremptory process against the corporation and the officer, amounts to nothing more than an order for the process against the officer.

7. *Appeal and Error; Assignment; Joint.*—Where mandamus was applied for by a stockholder of a corporation to compel the permission to make an examination of the corporate books according to the stockholder's statutory right, and the corporation made no objection to the method by which it was brought in, and also participated in the defense, and the order for peremptory process amounted only to an order against the general manager, and the overruling of the corporation's demurrer for misjoinder of parties in no wise affected the general manager, and there was no severance in assignment of error, if there was error as to the corporation, it could not operate to reverse a judgment for relator.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Petition by Norman Pike, as relator in the name of the state, for mandamus to the Home Guano Company and its general manager, compelling them to permit relator, as a stockholder of the Home Guano Company to make an examination of the corporate books and accounts. From a decree for relator respondents appeal. Affirmed.

ESPY & FARMER, for appellant.

STEINER, CRUM & WEIL, and J. P. REID, for appellee.

SAYRE, J.—This is a case of a petition to the circuit court of Houston for a writ commanding appellants, a corporation and its general manager, Hanahan, to permit appellee, Pike, a stockholder, to have access to and an examination of the books, records, and papers of the corporation.

Section 3477 of the Code of 1907, which is a substantial reproduction of section 1274 of the Code of 1896, confers upon stockholders in private corporations the right sought by petitioner, to be exercised at reasonable and proper times.—*Cobb v. Lagarde*, 129 Ala. 488, 30 South. 326; *Foster v. White*, 86 Ala. 467, 6 South. 88.

(1, 2) The rule nisi was issued by the judge of the Twelfth circuit while sitting at an adjourned term of the court for Houston county, and was made returnable four days later, on, to wit, February 13, 1915. On the return day the hearing was postponed to the 20th on the motion of the respondents. On both occasions respondents filed an objection, in the nature of a plea in abatement, by which they advanced the proposition that the rule was properly returnable to the next regular term of the court. There being no statutory provision otherwise, the rule in such cases is returnable before the court, not the judge, and the case must be heard and determined by the court according to the course of the common law.—*State ex rel. Crow v. Crook*, 123 Ala. 657, 27 South. 334. The power of the court (at an adjourned term) is as plenary as at a regular term, and such term "may continue as long as, in the

opinion of the judge thereof, the business of the court and the public good requires."—Code, § 3249, and cases cited in the annotation.

When the application for a writ of this character is made in vacation, necessarily the rule must be made returnable to the next term of the court.—*Ex parte Boothe,* 64 Ala. 312. Mandamus is a civil remedy— that is, it is not a criminal proceeding (*State ex rel. Pinney v. Williams,* 69 Ala. 311); but it is prosecuted by petition addressed to the court or judge, and does not fall within the influence of those provisions of the Code (section 5296 et seq.) which require that civil actions must be commenced by the service of summons returnable to the next term of the court (*Capital City Water Co. v. State ex rel. MacDonald,* 150 Ala 406, 18 South. 62, 29 L. R. A. 743). To hold the rule for extraordinary writs, such as mandamus, returnable only to a future term of the court, as in the case of ordinary process obtained from the ministerial officer of the court, would deprive them of much of their efficacy and value.—*Hitchcock v. Galveston,* (C. C.) 48 Fed. 640. The Legislature has prescribed no such rule in the case of extraordinary remedies. We hold, therefore, that the fixing of the return day of the rule rested in the reasonable discretion of the judge, and that the cause was triable when and as it was tried. This seems to be the practice of the courts generally where the matter is not determined otherwise by statute.—26 Cyc. 450.

(3) Appellants complain that they were not allowed a reasonable time within which to prepare their defense. No objection was made on this ground in the trial court. Their contention in that court was that the writ was not lawfully returnable to the current

term, and that, however that might be, they were entitled to 20 days after service of notice of the rule. That contention has been disposed of. Appellants were allowed 10 days in which to get ready, and we are unable to say that this action on the part of the court was unreasonable.

(4)   It is averred in the petition that petitioner made request and demand of the respondent general manager "at a reasonable and proper time for permission to inspect and examine the books, papers, and records of said corporation, which demand has been refused, and the petitioner informed by the representative of the respondent that he could not be permitted to make such examination at any time." It does not appear from this allegation that a proper demand was not made for an examination at a reasonable time. On the averment of the petition, respondents foreclosed any inquiry or negotiation as to the reasonable and proper time in which an examination might be made by a flat refusal to permit an examination at any time. The demurrer to the petition on account of the averment quoted above was not well taken.

(5)   Respondent's plea 3 was in substance that, owing to the nature of its business and the condition of the affairs of the respondent corporation, all which was stated in considerable detail, to have acceded to petitioner's request when made would have involved the company in great inconvenience and pecuniary loss, and the plea offers to permit an examination at a future date, which respondents proceed to nominate and fix to suit their own convenience. This was no good excuse for the unqualified denial alleged in the petition, nor any sufficient answer to the petition as of the date

of its filing or the time of the trial.   The demurrer to this plea was correctly sustained.

(6)   Mandamus in cases of this character does not run against the corporation as such, but against the officer of the corporation having custody and control of its books.—*Winter v. Baldwin*, 89 Ala. 483, 7 South. 734.   Apart from the demurrer for misjoinder and the plea mentioned above, the respondent corporation made no objection to the method by which it was brought in, and participated afterwards in the defense.   In *People v. Throop*, 12 Wend. N. Y. 183, which seems to be the leading case on this particular branch of the law of mandamus, and is cited to *Winter v. Baldwin, supra,* it was said that since the directors of the corporation in that case had joined in showing cause in answer to the alternative writ, there was no impropriety in directing the peremptory writ to them as well as to the cashier who had custody of the books.   In the case before us Hanahan is the only officer of the corporation who has been named in the proceeding, and, so far as it appears from the record, the corporation was brought in by service on him.   In these circumstances the order for peremptory process against the corporation and Hanahan amounts to nothing more than an order for process against Hanahan as the managing officer of the corporation.

(7)   But there is another answer to the proposition that the cause should be reversed because the court overruled the respondent corporation's separate demurrer for its misjoinder as a party respondent, which, according to the familiar and uniform practice of this court, is conclusive.   The ruling against this cause of demurrer did not in any wise affect the respondent Hanahan. There has been no severance in the assignment of er-

[Edwards, et al. v. Bibb County Board of Commissioners.]

rors, and the error, if error there was, cannot therefore operate to reverse the judgment.—*Lehman v. Gunn,* 154 Ala. 369, 45 South. 620, and the authorities there cited; *Cook v. Atkins,* 173 Ala. 363, 56 South. 224.

No argument is made for error on the trial court's finding on the evidence, which was that petitioner was entitled to the relief sought, and we feel sure there was none. It follows in our opinion that there is no reversible error in the record and the proceedings of the court below.

Affirmed

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.