(113 So. 309)

STATE ex rel. GASTON v. CUNNINGHAME et al., County Com'rs. (1 Div. 431.)

Supreme Court of Alabama. June 18, 1927.

**1. Evidence** ☞41—**Courts judicially notice date on which term opens as affecting question whether judgment was rendered in vacation (Code 1923, § 6667).**

Appellate court takes judicial notice of date on which regular term of trial court opens as affecting question whether judgment was rendered in vacation under Code 1923, § 6667.

**2. Contempt** ☞36—**Power to compel obedience to orders, judgments, and process, and to punish disobedience as contempt, is in court and not judge (Code 1923, § 8576).**

Power to compel obedience to orders, judgments, and process of court, and to lawful orders of judge, in a pending action or proceed-

ing, and to punish disobedience as a contempt, are vested in the court and not in the judge by Code 1923, § 8576.

**3. Mandamus** ☞141—**Under tick eradication statute, power to grant peremptory writ of mandamus is in court and not judge (Agricultural Code, art. 37, § 25).**

The authority to grant a peremptory writ of mandamus under Agricultural Code, art. 37, § 25 (Acts 1923, p. 511), relating to tick eradication, is vested in the court and not in the judge.

**4. Mandamus** ☞147—**"State inspector or owner of cattle," instituting proceedings under tick eradication statute, cannot sue in name and behalf of state (Agricultural Code, art. 37, § 25).**

A "state inspector or owner of cattle," instituting proceedings under Agricultural Code, art. 37, § 25 (Acts 1923, p. 511), to compel county commissioners to make adequate appropriations and provisions for execution of tick eradication laws, cannot, in the absence of express statutory authority, sue in the name and behalf of the state.

**5. Mandamus** ☞15—**Lack of funds is complete defense to mandamus proceeding to compel payment by public officer out of public funds.**

In mandamus proceeding to enforce payment by a public officer out of public funds, lack of funds is a complete defense.

**6. Mandamus** ☞15—**Lack of funds is not legal excuse for failure of governmental agency to carry out particular policy, if such agency has power to levy taxes and issue obligations for current expenses.**

Where law imposes on governmental agency a positive duty to carry out a governmental policy, and such agency is vested with power to levy taxes and issue obligations to meet current governmental expenses, mere lack of immediate funds is not a legal excuse for such agency's failure to function.

**7. Mandamus** ☞154(4)—**Mandamus is civil proceeding in which petition must show legal right in petitioner and duty and authority on part of respondents.**

Mandamus is a civil proceeding or remedy, commenced by petition, which must aver a specific legal right in petitioner to have the act involved performed, and that respondents are under duty and have authority to do the act.

**8. Mandamus** ☞154(4)—**Petition, not showing petitioner's right and respondent's duty and authority to act, should be dismissed, though uncontroverted.**

If petition in mandamus proceeding does not show specific legal right in petitioner and duty and authority on part of respondents, it should be dismissed, though its averments are not controverted or denied.

**9. Mandamus** ☞154(4)—**Petition in mandamus proceeding to compel county commissioners to make adequate provision for execution of tick eradication laws held insufficient (Agricultural Code, art. 37, §§ 16–18, 25).**

Petition in mandamus proceeding under Agricultural Code, art. 37, § 25 (Acts 1923, p.

511), to compel county commissioners to make adequate appropriations and provisions for the execution of laws relating to tick eradication, which failed to show that state veterinarian and inspectors had determined number of dipping tanks and materials necessary as required by sections 16–18 of article 37 (Acts 1923, pp. 509, 510), *held* insufficient.

Appeal from Circuit Court, Clarke County; T. J. Bedsole, Judge.

Petition of the State of Alabama, on the relation of E. L. Gaston, for mandamus to J. G. Cunninghame and others, as members of the Court of County Commissioners of Clarke County, commanding respondents to make adequate appropriations and provisions for the execution of the laws relating to cattle tick eradication. From a judgment denying the writ, petitioner appeals. Affirmed.

Thos. F. Seale, of Livingston, for appellant.

It was the duty of respondents to make an appropriation for the purpose set out and prayed for in the petition. Mandamus is the proper remedy where a court of county commissioners refuses to make the necessary appropriation. Agricultural Code, §§ 15–18, 25, art. 37; Acts 1923, pp. 506–512; Hagan v. State, 207 Ala. 514, 93 So. 600; 38 C. J. 696. Lack of necessary funds is a consideration that may excuse the discharge of duties enjoined upon courts of county commissioners to the extent only that such funds are not available, provided the lack of funds is not created by arbitrary or capricious exercise of discretion in management of other matters. Hagan v. State, supra. The state veterinarian and not the court of county commissioners has the determination of the amount required as to vats, chemicals, and inspectors required. Agricultural Code, §§ 16, 17, 18, art. 37. The power of the state to control the rights, property, and revenue of a county cannot be questioned. Hagan v. State, supra; Trenton v. New Jersey, 262 U. S. 182, 43 S. Ct. 534, 67 L. Ed. 937, 29 A. L. R. 1471; State ex rel. v. Fleming, 129 Wash. 646, 225 P. 647, 34 A. L. R. 500; Soliah v. Heskin, 222 U. S. 522, 32 S. Ct. 103, 56 L. Ed. 294. Tick eradicating, being an involuntary obligation, must be regarded as of the class of claims entitled to preference over general and voluntary obligations of the country. Brown v. Gay-Padgett Hdw. Co., 188 Ala. 423, 66 So. 161. The petition is brought under section 25 of the Agricultural Code. Hagan v. State, supra. The judgment of the trial court is appealable. Code 1923, § 6085; Withers v. State, 36 Ala. 252; Fountain v. State, 208 Ala. 480, 94 So. 66; Mayfield v. Court of County Com'rs, 148 Ala. 548, 41 So. 932.

John E. Adams, of Grove Hill, and Smiths, Young & Johnston, of Mobile, for appellees.

The alternate writ was returnable before the circuit court in vacation, was heard in vacation by the court. The judgment is void and will not support an appeal. Code 1923, § 6667; State ex rel. Crow v. Crook, 123 Ala. 657, 27 So. 334; Acts 1923, p. 511. The order of court of July 7 was not a final judgment, and the appeal should be dismissed. Martin v. Ala. Power Co., 208 Ala. 212, 94 So. 76; Wise v. Spears, 200 Ala. 695, 76 So. 869; State ex rel. v. Kemp, 205 Ala. 201, 87 So. 836; Code 1923, §§ 8989, 6085; State ex rel. Crow v. Crook, 123 Ala. 657, 27 So. 334. The whole issue in the trial court related to the ability of the county to put cattle dipping into effect; and this appeal, involving purely academic questions, should not be considered. Ex parte Richardson (Ala. Sup.) 58 So. 909; Reeves v. State, 145 Ala. 510, 41 So. 927; Comer v. Bankhead, 70 Ala. 136; State ex rel. v. Board, 19 Ala. App. 528, 98 So. 654; Agee v. Cate, 180 Ala. 522, 61 So. 900; State ex rel. v. Lyons, 143 Ala. 649, 39 So. 214. No peremptory writ of mandamus should ever issue unless the court has power to enforce observance and punish noncompliance therewith. Connally v. Gen. Const. Co., 269 U. S. 385, 46 S. Ct. 126, 70 L. Ed. 322; U. S. v. Cohen Gro. Co., 255 U. S. 81, 41 S. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045; Griffin v. Ogletree, 114 Ala. 343, 21 So. 488; Ex parte Du Bose, 54 Ala. 278. Lack of necessary funds to discharge the duties imposed is a defense to the action for mandamus. Hagan v. State, 207 Ala. 514, 93 So. 600.

BROWN, J. [1] There is no merit in the contention of the appellees that the judgment from which the appeal was taken was rendered in vacation, is void, and will not support an appeal. The case was tried and the judgment rendered on July 7, 1926, and this court takes judicial notice of the fact that the first Monday after the 4th day of July, 1926, was the 6th day of July, and that the 7th day of July, was the second day of the regular term of the court. Code of 1923, § 667.

Much of the argument is devoted to the question whether this is a proceeding under section 25 of article 37 of the Agricultural Code of 1923 (Acts 1923, p. 511) or under chapter 316 of the Civil Code.

Section 25 of the Agricultural Code provides:

"If any court of county commissioners or board of revenue of a county shall refuse to make adequate appropriations, or provisions to execute in good faith this law, any state inspector or owner of cattle, may apply to a circuit judge for a writ of mandamus to compel a faithful compliance with this and all other laws cognate thereto, and *the judge shall hear the application* at any time, or place where he may be, after one day's notice to the court or board, and a failure to obey promptly the command of the writ shall be a misdemeanor, *as well as a contempt.*" (Italics supplied.)

[2] The powers to compel obedience to the orders, judgments, and process of the court, and to the lawful orders of a judge, in an action or proceeding pending in court, and to punish disobedience as a contempt, are powers vested in the court and not the judge. Code of 1923, § 8576.

[3] Therefore, construing section 25, of the Agricultural Code, supra, in the light of the common law and the general statutes regulating procedure in such cases, it is clear that the hearing by the judge provided for in that section is the preliminary hearing of the application looking to the granting or refusing of the alternative writ or rule nisi. The authority to grant the peremptory writ is a power vested in the court and not in the judge. State ex rel. Crow v. Crook, Judge, etc., 123 Ala. 657, 27 So. 334.

[4] The right to institute the proceedings, in cases such as we have here, is conferred by section 25 of article 37 of the Agricultural Code, on *"any state inspector or owner of cattle,"* and, while the purpose of the proceeding is to enforce a duty prescribed by the statute, such inspector or owner, in the absence of express statutory authority, cannot sue in the name and behalf of the state. State ex rel. Almon et al. v. Burke, Judge, 160 Ala. 163, 48 So. 1035; Ex parte State of Ala., In re Stephenson, 113 Ala. 85, 21 So. 210.

An affirmance of the judgment of the trial court could be rested on this ground, but, inasmuch as the question is not raised by the appellees in this court nor in the trial court, we prefer to rest our conclusion on other grounds. The pertinent provisions of the statute, other than the provisions of section 25, supra, as carried forward and codified in article 37 of the Agricultural Code of 1923, are:

"Sec. 16. The county commissioners or county board of revenue of each county in Alabama *shall provide or install or build, in their respective counties,* the *necessary number* of concrete dipping vats and *also provide the necessary* * * * *materials required* for making, filling, replenishing and operating the *required number of dipping vats.* Each county shall furnish all *the materials required* for keeping the *required vats* filled with a standard tick killing arsenical dip having the composition and strength *as required* by the regulations of the state board of agriculture, and of the United States Bureau of Animal Industry.

"Sec. 17. *The required number of dipping vats* * * * *shall be determined by the State Veterinarian and the state and federal inspectors in charge of tick eradication* in the county. * * *

"Sec. 18. The county commissioners or county board of revenue in each county shall pay a reasonable salary to as many inspectors *as shall be required* in the county, and the *required* number to guard county lines, look after isolated vats, quarantined ranges, and premises and quarantined cattle. *The inspectors paid by the county shall be determined and appointed and commissioned by the state veterinarian with* *the advice and approval of the state board of agriculture,* as state inspectors, and they shall work under the direction of the state veterinarian, or the state and federal inspector." (Italics supplied.)

It will be noted that the provisions of the statute in respect to naming the inspectors have been changed since the case of Hagan v. State ex rel. Batchelor, 207 Ala. 514, 93 So. 600, was decided. Under the present statute the authority and duty of determining the number of dipping vats necessary for the work is imposed by the statute on "the state veterinarian and the federal inspector in charge of tick eradiction in the county," and the character and composition of the materials required for filling the vats are determined by the state board of agriculture and the United States Bureau of Animal Industry. So also the statute as codified in the Agricultural Code provides that the number of inspectors required for the work in the county, to guard the county lines, look after isolated vats, quarantined ranges, and premises and quarantined cattle, are to be determined and appointed and commissioned by the state veterinarian with the advice and approval of the state board of agriculture.

On the other hand, the duty of providing, installing, or building "the necessary number of concrete vats and the necessary materials required for making, filling, replenishing, and operating the required number of dipping vats," and fixing the salaries of the "required number of inspectors," is conferred on the court of county commissioners or board of revenue; the costs and expense incident thereto to be paid out of county funds.

The duty imposed on the county board to provide the necessary number of concrete dipping vats does not arise until the authorities named in the statute have exercised their discretion in determining the number of dipping vats required for the work, and officially informed the county board of such requirements. The same is true as to the number of inspectors and the necessary chemical solutions to be used in the work. In the absence of the performance of the duties by these authorities, there is no practical basis upon which the county board can proceed in determining what expenditures are necessary for the work.

The statute does not in terms nor by necessary implication require an advance bulk appropriation by the county board to meet the obligations of the county, incurred in carrying forward the work, but clearly contemplates that such obligations shall be met and discharged as other obligations of an involuntary nature are cared for, the expenditures to be made by and under the supervision of the county board as the fiscal agent of the county. Hagan et al. v. State ex rel. Batchelor, 207 Ala. 514, 93 So. 600.

While in the case last cited it was said:

"The absence of sufficient funds with which to discharge the duties thus enjoined upon the boards or courts of county commissioners is a consideration that would excuse the discharge of those duties to the extent only that such funds were not available; but to excuse, entirely or pro tanto, the duty's performance, because of lack of funds, this matter of defense must be appropriately asserted and supported"

—these utterances were not necessary to a decision of the questions presented in that case, as no such defense was there interposed.

[5] In cases where mandamus is resorted to, to enforce payment by a public officer out of public funds, the authorities are numerous that the lack of funds is a complete defense. 18 R. C. L. 227, § 151; 13 Ency. P. & P. 730.

[6] But where, as here, the law imposes on a governmental agency a positive duty of carrying out a governmental policy of conservation, and such governmental agency is invested with the power to levy taxes and issue its obligations to meet current governmental expenses, the mere lack of immediate funds is not a legal excuse for such agency's failure to function. The law contemplates that it will use its authority to gather the necessary funds for such purposes; otherwise all governmental activities would cease. Brown, Treas., v. Gay-Padgett Hardware Co., 188 Ala. 423, 66 So. 161.

[7, 8] With us mandamus is a civil proceeding or remedy, commenced by petition, and the petition constitutes the first pleading in the case, and where, as here, it seeks to compel official action, it is incumbent on the petitioner to show, by averments, as well as proof, a specific legal right in the petitioner to have the act performed, and that the respondents are under duty and have the authority to do the act (Lewis et al. v. Jenkins [Ala. Sup.] 112 So. 205;[1] Home Guano Co. v. State ex rel. Pike, 193 Ala. 548, 69 So. 419; 13 Ency. P. & P. 672); and, if the averments do not show such right the petition will be dismissed, although its averments are not controverted or denied (State ex rel. Almon v. Burke, Judge, etc., 160 Ala. 163, 48 So. 1035; 26 Cyc. 471[b]; State ex rel. King et al. v. Pearce, Judge, etc., 14 Ala. App. 628, 71 So. 656).

[9] The petition here is clearly insufficient, in that it does not show that the state veterinarian and federal inspector in charge of tick eradication in the county and the state board of agriculture and the United States Bureau of Animal Industry have exercised the authority and performed the duties imposed upon them by the statute. There is also a failure of proof in this respect, and the peremptory writ was denied without error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

