142 So. 531

STATE ex rel. CHILTON COUNTY v. BUT-
LER, State Tax Com'r.

3 Div. 16.

Supreme Court of Alabama.
June 9, 1932.

Reynolds & Reynolds, of Clanton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for appellee.

Martin, Thompson & McWhorter, of Birmingham, amici curiæ.

FOSTER, J.

This proceeding seeks a mandamus to the state tax commissioner to require him to assess the property of the Alabama Power Company situated in Chilton county at 60 per cent. of its value and not less. It was begun in the circuit court in the name of the state of Alabama ex rel. Chilton county. The circuit court sustained demurrer to the petition and dismissed it. Counsel for relator filed a declaration of appeal and gave security for the costs of appeal.

 The Attorney General has moved this court to dismiss the appeal because not taken by him nor by his authority. The state may pursue such extraordinary proceedings to enforce rights which affect it in its sovereign capacity, 38 Corpus Juris, 834; but no one else may do so, 38 Corpus Juris, 839–841; 18 R. C. L. 326, § 274; Pryor Motor Co. v. Hartsfield, 207 Ala. 646, 93 So. 524; Rose v. Lampley, 146 Ala. 445, 41 So. 521. It is then under the direction and management of the Attorney General. Sections 854, 861, 872, Code; Ex parte State, 113 Ala. 85, 21 So. 210; State ex rel. v. Burke, 160 Ala. 163, 48 So. 1035; State v. Cunninghame, 216 Ala. 423, 113 So. 309; 18 R. C. L. 324. The Governor may direct the institution of a suit by written instrument to any attorney at law. Section 5644, Code.

In respect to petitions for mandamus and other remedial writs when they seek to enforce private rights, petitioner may pursue such remedy without the use of the name of the state. It is then a "civil proceeding and may be called a supplementary remedy (and exists) when the party has a clear right, and no other appropriate redress." In such cases it is not considered a prerogative writ. Leigh v. State, 69 Ala. 261, 266; Bryce v. Burke, 172 Ala. 219, 230, 55 So. 635, 636; sec-

tion 8978, Code; Sanders v. Young, 220 Ala. 94, 124 So. 225.

For the enforcement of such private rights the name of the state upon the relation of the complaining party is not unusual, nor is the practice questioned so far as we know (38 Corpus Juris, 835; Home Guano Co. v. State ex rel., 193 Ala. 548, 69 So. 419), though it is not necessary.

■ But when relief is sought against a public officer to require the performance of a public duty to the general public as distinguished from the state in its sovereign capacity, the petition is properly brought in the name of the state on the relation of petitioner, a member of the general public who may have such right. 38 Corpus Juris, 839, 840; 18 R. C. L. 325, 326. The state, as such, is then but a formal party, without any interest in its sovereignty. Board of Education v. State, 222 Ala. 70, 131 So. 239; Bryce v. Burke, supra; State v. White, Auditor, 116 Ala. 202, 23 So. 31; Longshore v. State, 137 Ala. 636, 34 So. 684.

■ The state tax commissioner is a public state officer. Gen. Acts 1931, pp. 5 and 6. It is his duty as such to assess for taxation all the property of electric light and power companies in the state. Gen. Acts 1923, p. 192, § 74. When completed he shall notify the tax assessor of each county of the amount of such assessment in such county. Gen. Acts 1919, p. 330, § 165.

■■ Counties may levy a tax for general purposes of not exceeding one-half of 1 per cent. Constitution, § 215. Such levy shall be based upon the assessment made by the state tax commissioner as far as concerns public utility property. A county is but a governmental agency possessing no power and subject to no duty not originating from the law by which it is created and in which its functions are defined. Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730. It is also said to be "an involuntary political or civil division of the state, created by statute to aid in the administration of government. It is in its very nature, character, and purpose public, and a governmental agency, rather than a corporation. Whatever of power it possesses, or whatever of duty it is required to perform, originates in the statutes creating it, or in the statutes declaring the power and duty. Askew v. Hale County, supra; Chambers County v. Lee County, 55 Ala. 534; Stanfill v. Court of County Revenue, 80 Ala. 287; Dunn v. County Court, 85 Ala. 144, 4 So. 661. * * * Whatever of power may be delegated to the county * * * is the power of the state. Its nature is not changed by the delegation," citing Mayor, etc., of City of Mobile v. Stonewall Ins. Co., 53 Ala. 582; Youngblood v. Sexton, 32 Mich. 406, 20 Am. Rep. 654; Cooley, Const. Limit. 636. Southern Ry. Co. v. St. Clair County, 124 Ala. 491, 495, 27 So. 23, 25.

In respect to the assessment of public utilities it has had delegated to it no authority. Its right and power are limited to the levy of certain taxes based upon an assessment made by direction of, and in the manner fixed by, law and, respecting utilities, as certified to its tax assessor. If the state sees fit to withhold participation by the county in the matter of assessments, or if the county tax be withdrawn altogether, it is simply a condition to which the county must submit, for the state is then merely dealing with its own creature and agent, and not with a person having adverse rights. State ex rel. Lott v. Brewer, 64 Ala. 287. The county tax is not the only tax controlled by the amount of the assessment. The state tax is also based on the same valuation, and likewise all city ad valorem taxes are so controlled. Section 2124, Code. Such assessment is a state prerogative in the exercise of its sovereign power to tax. 37 Cyc. 715.

■ The right of a county or city to levy a tax is a bounty conferred by the state, and is only such as the state may deem expedient, not greater nor other than it possesses. Baldwin v. City Council, 53 Ala. 437; State ex rel. Lott v. Brewer, supra; 37 Cyc. 724, 725.

The claim here involved is readily distinguishable from the right formerly existing to have the state auditor (who then assessed utility property) certify to the county tax assessor the amount of the assessment on property located in that county. That was a ministerial duty, to the performance of which the county may have a clear legal right. Such was the case of State Auditor v. Jackson County, 65 Ala. 142.

In the case of Mooring v. State, 207 Ala. 34, 91 So. 869, relator was a real estate owner and taxpayer of the state, and sought to enforce what he conceived was a personal private right along with other such taxpayers, in respect to the value of his property for assessment. This question was raised by the Attorney General. The court expressly disavowed any purpose to consider it, but denied the petition on other grounds. But in that case, while relief was sought against the same public officer as in this, and sought the performance of an alleged public duty, and therefore was properly in the name of the state as formal party, the relief sought affected the private right of relator, and therefore relator had a better position than the relator in this case.

■ So that when a county undertakes to use the name of the state to require state officers to fix a certain value upon property for taxation generally, it is seeking to enforce a claim which involves sovereign capacity,

rather than one which relates to a function delegated to the county, and does not show a private right with the privilege of using the name of the state as a mere formal party. 38 Corpus Juris, 838.

Relator here is seeking to use the name of the state to enforce a public duty to it in its sovereign right which belongs exclusively to it, and it has not delegated to the county nor to any one the right to enforce the duties to it of its own administrative officer. The Attorney General and perhaps the Governor are vested with the ultimate power, conferred by the sovereignty, to control this sort of litigation.

The Attorney General moves to dismiss the appeal; it is granted.

*Appeal dismissed.*

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.