142 So. 533
**STATE ex rel. FOSHEE v. BUTLER, State Tax Com'r.**

**3 Div. 17.**

Supreme Court of Alabama.

June 9, 1932.

Reynolds & Reynolds, of Clanton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for appellee.

Martin, Thompson & McWhorter, of Birmingham, amici curiæ.

**FOSTER, J.**

This is a companion case to that instituted for the same purpose upon the relation of Chilton county. Ante, p. 191, 142 So. 531.

Both cases are treated and considered at the same time. Many of the legal questions are the same in each. We have written somewhat at length in the Chilton county case in the discussion of the pertinent principles. We need not here repeat that discussion.

██ In this case relator is a resident citizen of Chilton county and taxpayer on an assessment of property in that county. While the petition alleges that the state tax commissioner assessed the property of the Alabama Power Company in that county at 45 per cent. of its value instead of 60 per cent. of such value as fixed by law, it does not allege that the property of relator was not likewise assessed at 45 per cent. of its value or less, nor that the taxable property in that county owned by others was assessed at a higher rate than 45 per cent. of its value. So that if such discrimination has the effect of showing a personal private right of relator to remove it (Penney v. State, 221 Ala. 230, 128 So. 596), and if this proceeding is the proper method to enforce that right, the petition here does not undertake to make such a claim of discrimination. Relator shows no official duty to the public at large, but only to the state in its sovereign capacity. The general rule is that an individual cannot enforce a right owing to the government; certainly not in any case, unless he sustains an injury peculiar to himself. 38 Corpus Juris, 839, 840, 841; 18 R. C. L. 325; Pryor Motor Co. v. Hartsfield, 207 Ala. 646, 93 So. 524; Rose v. Lampley, 146 Ala. 445, 41 So. 521.

He is, as is Chilton county in its case, merely seeking to force the state, by the unauthorized use of its name, to control an administrative function of one of its officers, in respect to a matter which is the prerogative of the state.

The motion of the Attorney General to dismiss the appeal is granted.

Appeal dismissed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.