57 So.2d 527

**McGOUGH, Probate Judge, v. STATE ex rel. STOVALL.**

**6 Div. 349.**

Supreme Court of Alabama.
March 10, 1952.

Alex Smith, Jr., and David M. Enslen, Fayette, for appellant.

Young & Young, Vernon, for appellee.

Si Garrett, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., amici curiae.

BROWN, Justice.

This appeal is by the respondent from a judgment of the Circuit Court of Fayette County, awarding peremptory writ of mandamus against the respondent (appellant) as "Judge of Probate, ex officio Chairman of the Commissioners' Court of Fayette County, Alabama," ordering, directing and commanding him "forthwith to issue a purchase order for one TD 18 International Tractor", in accordance with a motion duly made, seconded and carried at a session of the Commissioners' Court of Fayette County, Alabama, held on the 14th day of August, 1951.

By reference to the petition, to which was exhibited a copy of the minutes adopting said motion, it is not made to appear by the contents of the motion to whom said purchase order was to be issued, the amount thereof, how such purchase was to be financed or out of what fund the same was to be paid. The only reference to the cost of purchase of the tractor is found in the statement of the Chairman of the Commissioners' Court (appellant) that, "it was his conviction, based upon the County's experience with this equipment, it was not to the best interest of the County to issue this purchase order in the amount of $15,436.00 for this equipment."

The demurrer of the respondent challenged the sufficiency of the petition on grounds, among others, as follows:

"7. For and in that the petition filed herein shows on its face that defendant (respondent) was not given sufficient information with which, or upon which, to issue purchase order referred to.

"8. For and in that the petition filed herein fails to show that the defendant (respondent) was under any duty to issue a purchase order as referred to therein.

"9. For and in that the petition filed herein fails to show what information was necessary to make and execute a purchase order regarding the tractor herein concerned, and fails to show that defendant (respondent) was given, or could secure, necessary information for the making up and execution of such order."

In the answer and return to the alternative writ, the respondent averred as follows:

"(a). No sufficient description of the equipment sought to be purchased was ever given to the defendant, in the meeting of the Commissioners Court referred to, or otherwise, and it was not possible for defendant to issue a proper and legal purchase order with the information furnished him, or available to him; . .

"(b). No instructions to issue such purchase order was ever legally or properly given to the defendant;

"(c). The statutes of the State of Alabama in existence on August 14, 1951, and at present, particularly Title 12, paragraphs 73 through 91, inclusive, of the 1940 Code of Alabama, limit the power and authority of the Commissioners Court of Fayette and other counties to incur obligations in any fiscal year to the income of such year available for such purposes, and defendant respectfully shows that all appropriations for the fiscal year beginning October 1, 1950 and ending September 30, 1951 for the purchase of machinery for District 3 of Fayette County, Alabama, or for the upkeep and maintenance of roads in that district have been exhausted, and that no funds or income for said fiscal year 1950–1951 were available for the purchase of the tractor referred to by petition herein filed, whether such funds be limited to those appropriated for the said District 3, or whether such funds so appropriated for all districts of the county be lumped together and consider as funds available for such purposes.

"(d). Funds for the purchase of such machinery, and for the maintenance, up-keep and repair of public roads have been heretofore appropriated in Fayette County, Alabama, by division into four separate districts and, as above stated, District 3 for which the Relator is commissioner, had no funds available on August 14, 1951 to purchase the said TD–18 tractor, and no income was or will be forthcoming for credit to that district during the remainder of the fiscal year 1950–1951 aforesaid.

"(e). No funds were available in sufficient amount, nor was any income, actual or expected, available for such purchase, even though funds on hand and to be received by all four districts be lumped and considered as a unit.

"(f). That certain statute in existence on August 14, 1951, and at present, designated as Title 41, paragraph 3 of the 1940 Code of Alabama, by which is established a uniform system of accounting and reporting, granted authority to the Department of Finance of the State of Alabama to establish forms for accounting, bookkeeping, record keeping, and report-making, and on authority of such statute the Department of Finance has established and approved for Fayette County, Alabama a requisition form, or purchase order form, which cannot be completed without a showing thereon as to what fiscal year has or will have within its budget an appropriation for payment for the materials, machinery or equipment described in the purchase order, and defendant respectfully shows that in the instant situation it was known to him that there were no funds available out of the 1950–1951 fiscal year appropriations to pay for the tractor herein concerned. Defendant further shows that no budgets nor appropriations have yet been made up for Fayette County, Alabama, for the fiscal year 1951–1952, and that defendant, therefore, could not complete a purchase order form, as prescribed by statute and by the regulations of the Department of Finance of the State of Alabama, in that he could not state when nor from what fiscal year's appropriations funds would be available to pay for the tractor.

"(g). Defendant further shows that it has been heretofore the practice of the various commissioners comprising the Court

of County Commissioners of Fayette County, Alabama, to allocate and allot funds to be received from the gasoline tax, separately and equally to the four commissioner's districts of the county, and that as of August 14, 1951, funds so available to District 3 under said budgeting and such apportionment, were overdrawn in the sum of $503.32; that unpaid claims approved by the Court for equipment purchased and used in such district amounted, as of August 14, 1951, to $21,278.62, all of which was in addition to several hundred dollars in claims filed against said district. Wherefore, Defendant respectfully shows unto the Court that he could not certify to a proposed supplier of equipment that funds would be available for paying for equipment purchased by said District 3 out of 1950–51 fiscal year appropriations, and could not certify to such supplier or seller of equipment that funds would be available out of later or subsequent appropriations which had not yet been made, all this being true even though all funds available for the purchase of equipment and credited to all four districts be lumped together and considered as a whole. Defendant further wishes to point out to the Court that funds in all districts at the time of the proposed purchase were not sufficient to pay for such equipment, and that income expected for all districts for the remainder of the fiscal year was not and would not be sufficient for the payment for such equipment. Defendant further respectfully points out to the Court that the three commissioners of Fayette County, Alabama other than the Relator, Albert Stovall, are not likely to appropriate moneys for the fiscal year 1951–52 out of funds normally expected by them, to assist in the retirement of indebtedness created for the benefit of District 3 only.

"(h). Defendant respectfully avers that he has been advised by the Office of the Chief Examiner of Public Accounts of the State of Alabama that that office considers and holds each individual Probate Judge of the State, as ex officio chairman of the courts of County Commissioners, responsible for the strict compliance with all existing statutes, wherefore defendant believed himself individually responsible, under advices given him, and under existing statutes, to see that no purchase order was issued by him except in strict conformity with the law; and that defendant believed and does now believe that the purchase order in question could not properly be issued in compliance with existing statutes and regulations, and that he cannot issue such purchase order legally, nor with good conscience.

"(i). Defendant further respectfully shows unto the Court that for the reasons set forth above it was impossible for him legally and with good conscience to issue a purchase order as referred to in the petition herein filed, and this also for the additional reason that such purchase order, personally signed by the defendant, would be a personal as well as an official representation that funds were available, or income would be available, to pay for such equipment, which certification could not be made by the defendant under the circumstances existing."

While the averments of the answer were controverted, the evidence shows without dispute that the above designated paragraphs of the return were true.

It is well settled that, "with us mandamus is a civil proceeding or remedy, commenced by petition, and the petition constitutes the first pleading in the case, and where, as here, it seeks to compel official action, it is incumbent on the petitioner to show, by averments, as well as proof, a specific legal right in the petitioner to have the act performed, and that the respondents are under duty and have the authority. to do the act (Lewis v. Jenkins [215 Ala. 680] 112 So. 205; Home Guano Co. v. State ex rel. Pike, 193 Ala. 548, 69 So. 419; 13 Ency. P. & P. 672); and, if the averments do not show such right the petition will be dismissed, although its averments are not controverted or denied (State ex rel. Almon v. Burke, Judge, etc., 160 Ala. 163, 48 So. 1035; 26 Cyc. 471 [b]; State ex rel. King et al. v. Pearce, Judge, etc., 14 Ala.App. 628, 71 So. 656)." State ex rel. Gaston v. Cunninghame, County Com'rs., 216 Ala. 423, 426, 113 So. 309, 312.

38

The data contained in the minutes of the meeting of the court of county commissioners was wholly insufficient to supply information to respondent for the issuance of said purchase order in compliance with the financial control act embodied in Chapter 6, Title 12, Code of 1940, pp. 382–390, and the supplementary Act No. 351 of the General Acts of 1947, pp. 231–236.

Pretermitting a ruling on the respondent's demurrer to the petition, we are of the opinion that the answer and the evidence in support thereof clearly show that the petitioner was not entitled to the issuance of the peremptory writ. We hold therefore that the court erred in granting the same.

The judgment is reversed and one will be here rendered denying the mandamus and dismissing the petition.

Reversed and rendered.

FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.