141 So.2d 169

**Roger MORRISON**

v.

**Dewayne MORRIS, Chairman, Board of Equalization.**

6 Div. 704.

Supreme Court of Alabama.

May 10, 1962.

MacDonald Gallion, Atty. Gen., Guy Sparks, Special Asst. Atty. Gen. and Chas. P. Miller, Asst. Atty. Gen., for appellee.

## PER CURIAM.

The appellant, Roger Morrison, an associate member of the Jefferson County Board of Equalization, filed a petition for Writ of Mandamus against the Chairman of the Board, Dewayne Morris, seeking to void the notification sent by the Board to certain taxpayers that changes had been made in the assessment of their property. Appellant alleged in his petition that the changes in assessment and notices thereof were irregular in that the procedure prescribed by statute (Title 51, §§ 103, 104, Code 1940, as amended) for the conduct of the Board's activities had not been followed.

Identical motions to dismiss were filed by the appellee, by the State of Alabama, and by the Attorney General individually, grounded upon the position that the appellant was not a proper party to the petition since the functioning of the Board was an activity affecting the sovereign rights of the State, necessitating the filing of such petition by the law officer of the State, the Attorney General. This appeal followed the granting of those motions.

The conduct of County Boards of Equalization is governed by legislative act. Title

J. Terry Huffstutler, Birmingham, for appellant.

**392**

51, §§ 81–113, Code, and amendments. The authority of these Boards, having emanated from the State, it necessarily follows that the functioning of the Boards is a matter affecting the State, which has a peculiar interest in the uniformity of their activities. "The right of a private individual to enforce by mandamus duties owing to the public is necessarily confined to duties which are not owing to the state in its sovereign capacity. Where the duty is owing to the government as such, private individuals, even though taxpayers, cannot resort to mandamus to enforce it; * * *." 35 Am.Jur., Mandamus, § 321, citing State ex rel. Foshee v. Butler, 225 Ala. 194, 142 So. 533. See also State ex rel. Chilton County v. Butler, 225 Ala. 191, 142 So. 531. Where a right pertains to the sovereignty of the State, proceedings for the enforcement of such right are to be instituted by the Attorney General.

We need but reiterate the oft-stated principle on this question: A mandamus proceeding to compel a public officer to perform a legal duty in which the public has an interest, as distinguished from an official duty, affecting a private interest merely, is properly brought in the name of the State on the relation of one or more persons interested in the performance of such duty to the public, unless the matter concerns the sovereign rights of the State, in which event it must be instituted on the relation of the Attorney General, the law officer of the State. Gray v. State, ex rel. Garrison, 231 Ala. 229(1), 164 So. 293, and cases cited; Marshall County Board of Education v. State ex rel. Williams, 252 Ala. 547(4), 42 So.2d 24; Kendrick v. State ex rel. Shoemaker, 256 Ala. 206(4), 54 So. 2d 442; Homan v. State of Alabama ex rel. Smith, 265 Ala. 17, 89 So.2d 184.

We find no error in the rulings below.

Affirmed.

SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.